## State *versus* Great Works Milling & Man. Co.

Where a crime or misdemeanor is committed under color of corporate authority, the individuals concerned, and not the corporation should be indicted.

EXCEPTIONS from the District Court, CHANDLER J. presiding.

This was an indictment charging the defendants with a nuisance in the erection of a dam across the Penobscot river. The indictment is to be copied and made a part of the case. There was evidence tending to show that a Mr. Emery who assumed to act as defendants' agent, caused a dam to be erected across a portion of the Penobscot river in the town of Bradley, and there was evidence tending to show that said dam had obstructed the navigation of the river for the passage of rafts. The counsel for the defendants, requested the Court to instruct the jury that the defendants, being a corporation, were not amenable to this process and that the erections, if made in Orono as alleged, and were so made by the owners of mills on the western side of the Penobscot river, and not by the defendants, they were not guilty. But the Court, to enable the

jury to pass upon the effect of the eréctions made by the defendants in the town of Bradley, instructed them that the allegation of place in the indictment was not material and that the defendants, if they had caused a dam or dams to be erected, in any part of the Penobscot river within the county of Penobscot, which had obstructed the navigation of the river, were guilty of the nuisance alleged. That the defendants as a corporation were liable to be indicted for the obstructions, if they had been occassioned by their procurement through their agents therefor ; that as the testimony related solely to the obstructions occasioned by the dam to the running of rafts, if they were satisfied that other interests and classes of men, not engaged in that business were benefited to a greater extent than the running of rafts was injured, it would be no defence ; but if the running of rafts, the interest alleged to be involved, was benefited to a greater extent than it was injured, or left as well as it was before, the defence was made out, and the dam no nuisance. The jury found a verdict of guilty. To which rulings and directions of the Court, the defendants' counsel filed exceptions.

*Rowe*, for the defendants. An indictment will not lie against a corporation for erecting a nuisance. Corporations are not liable to this process. Angell & Ames on Corporations, 396. The same doctrine is laid down by Holt C. J. in 12 Mod. 559. Counties and parishes can only be indicted for negligence in not removing nuisances — for the erection of them, the guilty individuals must be indicted. 4 Bl. Com. 167. No indictment against a *quasi* corporation can be found, except for not doing an act which the law required of it. All indictments for the erection of nuisances in England, and in this country have been against the individual members or servants of the corporation, by whom the erection was made. There is no necessity for indicting corporations as the natural persons by whom the act has been done are liable.

If the defendants are to be held in this case, they may equally be held liable for the larceny or any other illegal act of their agent.

*D. Goodenow*, Attorney General, *contra*.    The general rule is, that those should be held answerable by whom the offence has been committed.    The jury have found it to have been done by the defendants.    It was an act which a corporation could do.    A corporation may do or omit to do acts which will be to the injury of the public and for which they should be held responsible.    They may make or repair highways, and they may be indicted for omitting to keep them in repair, or in permitting nuisances upon them.    There is practically no difficulty either in the sentence or the punishment.    The Court, in indictments against individuals, may fine or imprison according to the circumstances of the case.    The corporation has property upon which the judgment of the Court can act.

*Rogers*, in reply.    The argument of the counsel for the State, assumes that the defendants are guilty of erecting the dam complained of, and that they are responsible therefor.    This is denied.    The jury have found the erection was made by the defendants through their agent.    But the defendants could have no agent, they could constitute no agent to erect a nuisance.    Their charter gave them no authority to do it.    They are charged with doing the act complained of "*vi et armis,*" "with force and arms," and "maliciously," neither of which are predicable of a corporation.    The judgment, in case of a nuisance, is fine and imprisonment.    Though a fine may be imposed, yet imprisonment is the usual judgment.    Corporations cannot be made subject to imprisonment.    Even in the case of a fine, imprisonment is a usual and necessary mode of enforcing its payment.    It would be unjust to make individuals, not consenting, responsible for an unauthorized act.

The opinion of the Court was delivered by

WESTON C. J. — A corporation is created by law for certain beneficial purposes.    They can neither commit a crime or misdemeanor, by any positive or affirmative act, or incite others to do so, as a corporation.    While assembled at a corporate meeting, a majority may by a vote entered upon their records, require an agent to commit a battery ; but if he does so, it cannot be re-

garded as a corporate act, for which the corporation can be indicted. It would be stepping aside altogether from their corporate powers. . If indictable as a corporation for an offence, thus incited by them, the innocent dissenting minority become equally amenable to punishment with the guilty majority. Such only as take part in the measure, should be prosecuted as individuals, either as principals, or as aiding and abetting or procuring an offence to be committed, according to its character or magnitude.

It is a doctrine then, in conformity with the demands of justice, and a proper distinction between the innocent and the guilty, that when a crime or misdemeanor is committed under color of corporate authority, the individuals acting in the business, and not the corporation should be indicted. Angell & Ames on corporations, 396, § 9. We think it cannot be doubted, that the erection of a public nuisance, is a misdemeanor.

There are cases, where *quasi* corporations are indictable for the neglect of duties imposed by law. Towns for instance, charged with the maintenance of the public highways, are by statute indictable, for any failure of duty in this respect. The corporation here attempted to be charged, have violated no duty imposed upon them by statute. Whatever has been done, was by the hand or procurement of individuals. They may be indicted and punished and the nuisance abated. We have been referred to no precedent where an indictment has been sustained against a corporation, upon such a charge; and in our opinion, the individuals concerned and not the corporation, must be held criminally answerable for what has been done.

*Exceptions sustained.*