STATE v. WESTERN NORTH CAROLINA RAILROAD COMPANY.

*Corporations—Railroads—Process to compel appearance to answer an Indictment.*

The proper mode of bringing into court a corporation charged with a criminal offence is by service of a copy of the summons upon one of its officers or agents. The acts of assembly in reference to service of process in civil and criminal cases reviewed by SMITH, C. J.

(*State* v. *Lane*, 78 N. C., 547; *State* v. *Hinson*, 82 N. C., 540; *State* v. *Pollard*, 83 N. C., 597; *State* v, *Powell*, 86 N. C., 640, cited and approved.)

INDICTMENT for obstructing a public highway, tried at Fall Term, 1883, of MADISON Superior Court, before *Gudger, J.*

The offence charged is that the defendant company, in constructing its line of road, used the public highway from the Tennessee line to Warm Springs, in Madison county, and thereby obstructed the same, so that the citizens of the state cannot pass along or over it with their vehicles, &c., and that the defendant did not construct another road as good and convenient, &c. The solicitor of the state appealed from the ruling of the judge upon the question which is the basis of the decision of this court, the facts in reference to which are sufficiently set out in its opinion.

*Attorney-General* for the State.
No counsel for the defendant.

SMITH, C. J. A copy of the bill of indictment having been delivered by the sheriff to a local agent of the defendant company, without process of any kind in his hands, and the company failing to appear and answer the charge at the next term of the court, the solicitor moved that a plea of " not guilty " be entered and the accused put on trial. The motion was refused, and the solicitor, on behalf of the state, was allowed to appeal from the ruling to this court.

It has been too often declared to need reiteration that no appeal lies from any ruling of the court in the conduct of a criminal prosecution until its determination by a final judgment, which, unreversed, puts an end to the cause, and only by the state in a few specified cases, to no one of which does this belong. *State* v. *Lane*, 78 N. C., 547 ; *State* v. *Hinson*, 82 N. C., 540 ; *State* v. *Pollard*, 83 N. C., 597 ; *State* v. *Powell*, 86 N. C., 640.

The ruling of the court, that the defendant had not been brought into court, left the cause to be proceeded with as if no action to that end had taken place, and the indictment was still depending. The appeal must therefore be dismissed.

But it is not improper that we should express an opinion as to the proper mode of bringing into court a corporation charged with a criminal offence—the point intended to be presented, and one of practical importance in the administration of the criminal law.

At common law this was done by the issue of a summons and its service upon the principal or head officer of the company, and if it did not appear, as it only could appear, by a duly constituted attorney, a *distringas* was awarded, under which its goods and lands were seized to compel an appearance. 1 Tidd. Pr., 116; 2 Sellon Pr., 148; Ang. & Am. Corp., §637; 1 Whar. C. L., §89.

But a method of procedure is prescribed by statute in this state, as we presume it has been in most if not all of the others, which dispenses with that furnished by the common law, if not itself obsolete, to be found in C. C. P., §82, and in THE CODE, §217.

It is there provided that the summons issued by the clerk of the superior court shall be served by delivering a copy thereof, " if the suit be against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, a director or managing or *local agent* thereof ;" the italicized words, as well as the superadded definition of them, having been introduced as an amendment by the act of March 16th, 1875.

If it be a foreign corporation, service must be made upon its president, treasurer or secretary found within the state, and is sufficient when made upon the other corporate officers and agents, when it has property in the state or the cause of action arose therein, or the plaintiff resides in the state. These provisions apply to corporations generally, but there are others applicable specially to insurance companies, unnecessary in this connection to be noticed. Acts 1883, ch. 57.

The enactment from which we have recited, though primarily intended as a regulation in the institution of a civil action, is equally appropriate in a criminal action, and its terms are sufficiently comprehensive to embrace both. The former initial step was by summons and not by *capias*, as was necessary when the offender was a natural person ; and this from necessity, as a corporation has no bodily existence capable of being taken into custody by the officer, and could only be reached by a mandate directed to it and served upon its principal officer.

A corporation having existence only as a legal conception, and incapable of being present in court except as represented by attorney, would seem, from its nature, to be subject to the same process in criminal and civil actions, and we see no reason why it should not be.

We find this view taken by the supreme court of New Hampshire in *Railroad* v. *State*, 32 N. H., 215, where it expressly decided, under legislation essentially similar to our own in this feature, that a summons is the only process that can issue against a corporation to compel it to appear and answer to an indictment, the common law not being there in force.

In our case no summons issued, and the delivery of a copy of the bill of indictment to its local agent could have no more effect than a delivery of a copy of a complaint in a civil action would have, without an accompanying mandate from the court, and in both, the act would be inoperative and meaningless for any legal purpose.

If the appeal could be entertained, we should have no hesitation in affirming the ruling of the judge in his refusal to proceed. with the trial, until it is made to appear that the proper process has been served on the defendant.

The appeal is dismissed, and this will be certified, that the cause may proceed in the court below where it is pending.

PER CURIAM.                              Appeal dismissed.