## PEOPLE *v.* EQUITABLE GAS-LIGHT CO.

## SAME *v.* CONSOLIDATED GAS-LIGHT CO.

### (*Court of General Sessions, New York County.* May, 1888.)

1. GRAND JURY—POWERS AND DUTIES—CRIMES OF CORPORATIONS.
   Code Crim. Proc. N. Y. § 252, declaring that the grand jury has the power, and it is their duty to inquire into all crimes, and to present them to the court, applies to crimes of corporations as well as of individuals, and is not affected by sections 675, 682, regulating criminal proceedings against corporations.

2. INDICTMENT—SETTING ASIDE—APPEARANCE.
   Code Crim. Proc. N. Y. §§ 296–299, provide for arraignment of a prisoner; for personal appearance in case of felony, otherwise either in person or by attorney. Sections 313, 315, specify grounds for setting aside an indictment, and require the motion to set aside to be heard at the time of arraignment, unless for good cause the court postpone the hearing to another time. *Held,* that a motion to set aside the indictment cannot be heard, where there is no appearance except for the purpose of the motion.

3. SAME—CORPORATIONS.
   A motion to set aside an indictment against a corporation on the ground that the proceedings provided in Code Crim. Proc. §§ 675–682, were not resorted to, and that appearance to answer the indictment could not be compelled, must be denied, as these are not among the grounds specified in section 313 for setting aside an indictment.

4. CORPORATIONS—INDICTMENT—APPEARANCE.
   Under the laws of New York, a corporation cannot by any means be compelled to appear and submit to the jurisdiction of a court wherein an indictment against the corporation has been filed.

Defendants were separately indicted for violating Laws N. Y. 1886, c. 300, "An act to protect oyster-beds," and move to set aside the indictment.

*Frederick R. Coudert,* for motion. *John R. Fellows,* for the State.

SMYTH, Recorder. Code Crim. Proc. § 296, provides that when an indictment is filed, the defendant must be arraigned thereon before the court in which it is found, or before the court to which it is sent or removed. If the indictment be for a felony, the defendant must be personally present when arraigned; but if for a misdemeanor only, his personal appearance is unnecessary, and he may appear upon the arraignment by counsel. Section 297. When his personal appearance is necessary, if he be in custody, the court may direct him to be brought before it by the officer in whose custody he is, to be arraigned; and should he be discharged on bail, and do not appear for arraignment, his bail may be forfeited, and a bench warrant issue for his arrest. Sections 298, 299. Upon the defendant's appearing for arraignment, he is to be informed of his right to the aid of counsel, if he has none, and the court must assign him counsel if he desire it; and if he demand it the indictment must be read to him, or a copy thereof furnished, before requiring him to plead; and time must be allowed him, if he requires it, to answer the in-

dictment; and in answer to it he may either move to set it aside, or may demur or plead thereto. Sections 309–312. The statute then provides for setting aside the indictment, and specifies the grounds upon which it may be set aside, and declares that the motion to set aside must be heard at the time of the arraignment, unless for good cause the court postpone the hearing to another time. Sections 313, 315.

From these provisions it is apparent that, after an indictment is found, the defendant must be before the court,—if in the case of a felony, in person, or, in the case of a misdemeanor, either in person or by counsel,—and the motion to set aside must be made at the time of his arraignment, or at such time as the court may appoint to hear it, after the defendant is informed of the nature of the charge contained in the indictment against him, and it cannot be made at any other time. In this case the defendant has not appeared by counsel, and has not been arraigned upon the indictment, and it follows that the motion to set it aside cannot be entertained. It is true counsel have appeared, and have moved to set aside the indictment; but he expressly stated to the court that he appeared only for that purpose, and that he did not appear generally for the defendant, nor did the defendant appear except for the purpose of the motion. Upon this state of facts the motion to set aside the indictment must be denied, as well as upon the further ground that it is not founded upon any of the grounds specified in section 313 of the Code of Criminal Procedure.

It was insisted upon the argument of the motion (1) that the proceedings against a corporation were governed by chapter 9, §§ 675–682, Code Crim. Proc., and that, as the proceedings contemplated by these provisions were not resorted to before the finding of the indictment, it should for that reason be set aside; and (2) that the provisions of the Revised Statutes (2 Edm. St. at Large, p. 772, § 35) had been repealed by chapter 593 of the Laws of 1886, and there was now no provision of law in existence, other than the above cited provision of the Code, by which the appearance of a corporation could be compelled to answer an indictment found against it.

As to the first of these objections, it is sufficient to refer to section 252 of the Code of Criminal Procedure, which expressly declares that "the grand jury has the power, and it is their duty, to inquire into all crimes committed or triable in the county, and to present them to the court," and this power exists as well in the case of a corporation as of an individual charged with a criminal offense; and that this power is not in any way affected by the provisions of chapter 9 of the Code, above cited.

As to the second ground urged by the defendant, while it furnishes no reason for the setting aside of the indictment, it presents the question as to whether there is any provision of law by which a defendant corporation, after indictment, can be compelled to appear before the court, and answer thereto. After a careful examination of the provisions of the Code of Criminal Procedure, I am unable to find any provision therein contained empowering the court to compel the appearance of a corporation. Chapter 9, Code Crim. Proc., entitled "Proceedings against Corporations," provides that, upon any information being presented to a magistrate, a summons, the form of which is given, signed by the magistrate, shall issue, and be served upon the president or other head of the corporation, or upon the secretary, cashier, or managing agent thereof, requiring it to appear before him at a time specified therein to answer the information, and designating the offense charged against it generally, and at the time appointed in the summons requiring the magistrate to proceed to investigate the charges in the same manner as in the case of a natural person brought before him, so far as those proceedings are applicable; and, after hearing the proofs, the magistrate is required to certify upon the depositions either that there is or is not sufficient cause to believe the corporation guilty of the offense charged, and requiring him to return the depositions

and certificate in the manner prescribed by section 221, which section requires that he must return them to the next court of oyer and terminer, or sessions of the county, or city court, having power to inquire into the offense by the intervention of a grand jury.   By section 680 it is provided that, if the magistrate return a certificate that there is sufficient cause to believe the corporation guilty of the offense charged, the grand jury may proceed thereon, as in the case of a natural person held to answer; and by the succeeding section (681) it is provided that, if an indictment be found against the corporation, it may appear by counsel to answer the same, and, if it do not thus appear, a plea of not guilty must be entered, and the same proceedings had thereon as in other cases.   No provision whatever is made in the Code of Criminal Procedure for notice to the corporation of the finding of the indictment, and no opportunity is given it of availing itself of the benefit of the motion to set it aside, demur, or to plead specially thereto, which rights are provided for by the Code upon arraignment.

It may be claimed when proceedings against a corporation are instituted by information, and not by indictment, in the first instance, on the service of the summons upon the corporation, by which it is informed of the charge made against it, and thus given an opportunity to appear and answer, if it fail to do so, that, if an indictment is found against it, the court to which the indictment is presented, under the provision of section 681, would have the right, upon its failure to appear, and without further notice to the corporation of the filing of the indictment, to enter a plea of not guilty, and proceed to judgment.   I entertain very great doubt as to the power of the court to proceed without notice to the defendant, to the final disposition of the case, even though the proceedings had been instituted by information, and not by indictment.   The Code, as already stated, requires in all cases that a defendant after indictment, where it be found by the grand jury of its own motion, and without the filing of an information, and the preliminary proceedings before a magistrate thereon, must appear in person, if he is charged with a felony, or in person or by counsel, if a misdemeanor, and be arraigned upon and required to answer the indictment, and he must be informed of the charge made against him, and be accorded an opportunity to answer, move to set it aside, demur, or plead thereto, before any further proceeding can be had upon the indictment.   But in this case an information was not filed, and no notice whatever was given to the defendant prior to the presentation of the indictment, and it has not appeared in the action.   To proceed under such circumstances, and enter a plea of not guilty for the defendant, would thereby deprive it of the right to move to set the indictment aside, or to demur or plead specially thereto.   Provision was made under the Revised Statutes, (2 Edm. St. at Large, p. 772, § 35,) after the finding of an indictment against a corporation, to compel its appearance by the issuing of a *distringas,* but these provisions were expressly repealed by chapter 593 of the Laws of 1886; and I have been unable to find any statutory provision compelling the appearance of a corporation after indictment.   I have deemed it proper to place my views in writing as to the apparent omission to provide a remedy to compel a corporation indicted for criminal offenses to appear and submit to the jurisdiction of the court in which the indictment may be filed, so that a remedy may be provided by legislation to cure the omission.   The motion to set aside the indictments against the above-named defendants must be denied.