PEOPLE ex rel. COMMERCIAL MUT. INS. CO. v. COLEMAN et al.,
Commissioners.

(Supreme Court, Special Term, New York County.  June, 1894.)

TAXATION—CERTIORARI TO REVIEW ASSESSMENT—PETITION.

A recital in a petition for certiorari that petitioner claimed before the commissioners of taxes that all its personal property was exempt from taxation, is not a specification that exempt property was assessed, within the meaning of Laws 1880, c. 269, § 1, which provides that the petition must specify the ground of the alleged illegality in the assessment.

Petition by the Commercial Mutual Insurance Company for writ of certiorari to review an assessment of its personal property made by Michael Coleman and others, as commissioners of taxes and assessments of the city of New York.  The petition alleged that petitioner claimed before the commissioners that all its personal property was under the law of the state of New York exempted from taxation, and that the assessment was illegal, invalid, and void, and erroneous, specifying as the ground of illegality and error that there was an overvaluation.  Writ quashed.

Brownell & Lathrop (Esek Cowen and Silas B. Brownell, of counsel), for relator.

William H. Clarke, Corp. Counsel (James M. Ward, of counsel), for respondents.

INGRAHAM, J.   The only authority the court has to review this assessment in this proceeding is that contained in chapter 269, Laws 1880, and any judgment of the court in this proceeding must be as provided for in this act.   The first section of this act provides for the issuing of a writ of certiorari, and it is to be allowed by the supreme court, on a petition duly verified by the person or corporation assessed and claiming to be aggrieved, when the petitioner shall set forth that the assessment is illegal, specifying the ground of the alleged illegality, or is erroneous by reason of overvaluation, or is unequal, in that the assessment has been at a higher proportionate valuation than other real or personal property, etc.   This section provides for what the petition shall contain, but it specifies three grounds upon which the court is authorized to grant the writ,—it must appear by the petition either that the assessment is illegal, specifying the grounds of the illegality; or erroneous, by reason of overvaluation; or is unequal, in that the assessment has been at a higher proportionate valuation, etc.   Now, this writ was granted upon such a petition.   That petition alleged the proceeding of the tax commissioners.   It alleged the proceedings of the relators before the tax commissioners.   But all of that had nothing to do with the requirement of the petition as to obtaining a writ.   Having alleged those two things,—the action of the commissioners and their own action,—it then goes on to make the allegation that this section requires that the assessment upon the alleged valuation of personal property is illegal, invalid, and void, and erroneous, and

it then specified the ground of the illegality and error. Now, it seems to me that the allegation must be held to be an attempt of the pleader to comply with this section of the statute, as this section says the petition must state the grounds of the illegality or error, by reason of overvaluation, or inequality by reason of a higher proportionate valuation. On that a return is made, and under the statute it is upon the writ and the return that is presented the question to be determined. The question is whether or not on the writ and the return, and on further evidence where there is a disputed fact, the court can say that any of the reasons alleged in the petition for the granting of the writ are well founded; for, when it comes to say what the court shall do, the act says that, if it shall appear by the return to said writ that the assessment complained of is illegal, erroneous, or unequal for any of the reasons alleged in the petition, the court shall have the power, etc. It is only when it appears that for one of the reasons alleged in the petition the assessment is either erroneous, illegal, or unequal that the court has the power to act. Now, the recitation in the petition that the petitioner made certain claims to the tax commissioners does not comply at all with the requirements of the statute. Suppose there were no grounds stated in the petition at all, and the petition simply stated that they appeared before the tax commissioners, and claimed that those taxes were illegal, because the commissioners had no power to make the assessments, and therefore asked for the writ; it is very clear the court had no power to grant the writ on that statement. When it goes further, and states the ground on which they rely in the application, it seems to me the clear and plain intent of the statute was that the power of the court to order the said assessment to be stricken out or corrected depended entirely upon it appearing that the grounds stated in the petition were well founded. You say that is a conclusion of law. That is so in a pleading, but in these petitions it is different. The object is to compel the man who presents these petitions to state a conclusion of law,—the reason why the assessment is illegal. It does not say the facts showing the illegality are to be pleaded, but it says the reason,—the ground of the illegality. He is not to state the facts showing the ground, but he is to state the ground itself, and that necessarily includes a statement of a conclusion or reason. This is a statutory proceeding, provided for by the statute. The court has the power given it in this proceeding by statute, and it seems to me it should be confined strictly to the statutory power that is given.

The case of People v. Equitable Gaslight Co. (Gen. Sess. N. Y.) 5 N. Y. Supp. 19, does not, it seems to me, raise this question at all. There the petitioner alleged that there was an overvaluation, —a valuation based upon a wrong principle, that the court remedied. Here you claim there is no power to tax at all. On this petition the court has no power to adjudicate on that question; all it can adjudicate is whether there was an overvaluation. So I think this motion to quash the writ should be granted. There

is no request to take testimony as to these other specifications, as I understand. Mr. Cowen: We are ready to give testimony upon those points; but, your honor having decided the petition is defective— The Court: I do not decide the petition is defective. I say the petition is perfectly good on those other points. Mr. Cowen: We don't present anything on those points. The Court: You simply raise here the right of the court, under these allegations in the petition, to determine that the whole assessment was invalid, because the property of the corporation was not taxable. Mr. Cowen: That is it. The Court: I hold that you cannot raise that question upon this petition.