### UNITED STATES v. JOHN KELSO CO.

(District Court, N. D. California. April 11, 1898.)

No. 3,461.

1. CRIMINAL LAW—CORPORATIONS—EIGHT-HOUR LAW.
   A corporation may be guilty of a crime when the only intention required is an intention to do the prohibited act; therefore a corporation may be subject to fine for violating the eight-hour law (Act Aug. 1, 1892).

2. SAME—PROCESS.
   A court having jurisdiction of a particular crime, may, when that crime is committed by a corporation, obtain jurisdiction over it, in the absence of statutory provision, by any appropriate writ for that purpose.

3. SAME—SUMMONS.
   Jurisdiction over a corporation, in a criminal proceeding to punish it for violating the federal eight-hour law, may be obtained, in California, by serving a summons upon its president, in the general form prescribed by Pen. Code Cal. § 1390.

Samuel Knight, Asst. U. S. Atty.
R. Percy Wright and Edwin L. Forster, for defendant.

DE HAVEN, District Judge. On October 9, 1897, there was filed in this court by the United States district attorney for this district, an information charging the defendant, a corporation, with the violation of "An act relating to the limitation of the hours of daily service of laborers and mechanics employed upon the public works of the United States and of the District of Columbia," approved August 1, 1892 (2 Supp. Rev. St. p. 62). Upon the filing of this information, the court, upon motion of the district attorney, directed that a summons in the general form prescribed by section 1390 of the Penal Code of this state, be served upon said corporation, and accordingly on said date a summons was issued, directing the defendant to appear before the judge of said court in the court room of the United States district court for this district on the 21st day of October, 1897, to answer the charge contained in the information. The summons stated generally the nature of the charge, and for a more complete statement of such offense referred to the information on file. On the day named in said summons for its appearance, the defendant corporation appeared specially by its attorney, and moved to quash the summons, and to set aside the service thereof, upon grounds hereinafter stated. Upon the argument of this motion, it was claimed in behalf of the defendant: First, that the act of congress above referred to does not apply to corporations, because the intention is a necessary element of the crime therein defined, and a corporation as such is incapable of enter-

taining a criminal intention; second, that, conceding that a corporation may be guilty of a violation of said act, congress has provided no mode for obtaining jurisdiction of a corporation in a criminal proceeding, and for that reason the summons issued by the court was unauthorized by law, and its service a nullity. It will be seen that the first objection goes directly to the sufficiency of the information, and presents precisely the same question as would a general demurrer, attacking the information on the ground of an alleged failure to charge the defendant with the commission of a public offense. This objection is one which would not ordinarily be considered upon a motion like that now before the court, when the party making the objection refuses to acknowledge the jurisdiction of the court, or to make any other than a special appearance for the purpose of attacking its jurisdiction; but, in view of the conclusion which I have reached upon the second point urged by the defendant, it becomes necessary for me to determine whether the act of congress above referred to is applicable to a corporation, and whether a corporation can be guilty of the crime of violating the provisions of said act. Section 1 of that act makes it unlawful for a contractor or subcontractor upon any of the public works of the United States, whose duty it shall be to employ, direct, or control the services of laborers or mechanics upon such public works, "to require or permit any such laborer or mechanic to work more than eight hours in any calendar day except in case of extraordinary emergency." And section 2 of the act provides "that * * * any contractor whose duty it shall be to employ, direct, or control any laborer or mechanic employed upon any public works of the United States * * * who shall intentionally violate any provision of this act, shall be deemed guilty of a misdemeanor, and for each and every offense shall upon conviction be punished by a fine not to exceed one thousand dollars or by imprisonment for not more than six months, or by both such fine and imprisonment, in the discretion of the court having jurisdiction thereof." It will be observed that by the express language of this statute there must be an intentional violation of its provisions, in order to constitute the offense which the statute defines. In view of this express declaration, it is claimed in behalf of defendant that the act is not applicable to corporations, because it is not possible for a corporation to commit the crime described in the statute. The argument advanced to sustain this position is, in substance, this: That a corporation is only an artificial creation, without animate body or mind, and therefore, from its very nature, incapable of entertaining the specific intention which, by the statute, is made an essential element of the crime therein defined. The case of State v. Great Works M. & M. Co., 20 Me. 41, supports the proposition that a corporation is not amenable to prosecution for a positive act of misfeasance, involving a specific intention to do an unlawful act, and it must be conceded there are to be found dicta in many other cases to the same effect. In a general sense, it may be said that no crime can be committed without a joint operation of act and intention. In many crimes, however, the only intention required is an intention to do the prohibited act,—that is to say, the crime is complete when the prohibited act has been intentionally done; and

86 F.—20

the more recent and better considered cases hold that a corporation may be charged with an offense which only involves this kind of intention, and may be properly convicted when, in its corporate capacity, and by direction of those controlling its corporate action, it does the prohibited act. In such a case the intention of its directors that the prohibited act should be done is imputed to the corporation itself. State v. Morris E. R. Co., 23 N. J. Law, 360; Reg. v. Great North of England Ry. Co., 58 E. C. L. 315; Com. v. Proprietors of New Bedford Bridge, 2 Gray, 339. See, also, State v. Baltimore & O. R. Co., 15 W. Va. 380. That a corporation may be liable civilly for that class of torts in which a specific malicious intention is an essential element is not disputed at this day. Thus an action for malicious prosecution will lie against a banking corporation. Reed v. Bank, 130 Mass. 434; Goodspeed v. Bank, 22 Conn. 530. An action will lie also against a corporation for a malicious libel. Railroad Co. v. Quigley, 21 How. 202; Maynard v. Insurance Co., 34 Cal. 48. The opinion in the latter case, delivered by Currey, C. J., is an able exposition of the law relating to the liability of corporations for malicious libel, and in the course of which that learned judge, in answer to the contention that corporations are mere legal entities existing only in abstract contemplation, utterly incapable of malevolence, and without power to will good or evil, said:

"The directors are the chosen representatives of the corporation, and constitute, as already observed, to all purposes of dealing with others, the corporation. What they do within the scope of the objects and purposes of the corporation, the corporation does. If they do any injury to another, even though it necessarily involves in its commission a malicious intent, the corporation must be deemed by imputation to be guilty of the wrong, and answerable for it, as an individual would be in such case."

The rules of evidence in relation to the manner of proving the fact of intention are necessarily the same in a criminal as in a civil case, and the same evidence which in a civil case would be sufficient to prove a specific or malicious intention upon the part of a corporation defendant would be sufficient to show a like intention upon the part of a corporation charged criminally with the doing of an act prohibited by the law. Of course, there are certain crimes of which a corporation cannot be guilty; as, for instance, bigamy, perjury, rape, murder, and other offenses, which will readily suggest themselves to the mind. Crimes like these just mentioned can only be committed by natural persons, and statutes in relation thereto are for this reason never construed as referring to corporations; but when a statute in general terms prohibits the doing of an act which can be performed by a corporation, and does not expressly exempt corporations from its provisions, there is no reason why such statute should be construed as not applying to them, when the punishment provided for its infraction is one that can be inflicted upon a corporation,—as, for instance, a fine. In the act of congress now under consideration it is made an offense for any contractor or subcontractor whose duty it shall be to employ, direct, or control any laborer employed upon any of the public works of the United States, to require or permit such laborer to work more than eight hours in any

calendar day. A corporation may be a contractor or subcontractor in carrying on public works of the United States, and as such it has the power or capacity to violate this provision of the law. Corporations are, therefore, within the letter, and, as it is as much against the policy of the law for a corporation to violate these provisions as for a natural person so to do, they are also within the spirit of this statute; and no reason is perceived why a corporation which does the prohibited act should be exempt from the punishment prescribed therefor. If the law should receive the construction contended for by the defendant, the result would be that a corporation, in contracting for the doing of any public work, would be given a privilege denied to a natural person. Such an intention should not be imputed to congress, unless its language will admit of no other interpretation.

2. The second ground upon which the defendant bases its motion to quash the summons issued in this proceeding, namely, that congress has made no specific provision for the issuance of such a summons in a proceeding like this, will now be examined. Section 1014 of the Revised Statutes of the United States provides that offenders against the laws of the United States may be arrested, and imprisoned, or bailed, as the case may be, for trial, and agreeably to the usual mode of process against offenders in such state. I agree with counsel for the defendant that this section relates only to natural persons, but it does not follow from this that the summons issued in this case, and served upon the defendant, is without authority of law, and therefore void. That the court has jurisdiction to try all offenses arising under the act of congress upon which this information is based is certain, and that a corporation may be guilty of the commission of such an offense we have already seen; but no court has jurisdiction to proceed in a criminal trial until it has first obtained jurisdiction over the person of the defendant. In the case of a natural person, this jurisdiction is obtained by arrest, and specific provision is made for such proceeding in section 1014, before referred to; and, in the absence of any statutory provision for obtaining jurisdiction over a corporation defendant, the court may resort to any appropriate means for that purpose. The court having general jurisdiction to try the defendant for its alleged violation of the law under consideration may, as a necessary incident to such jurisdiction, issue any appropriate writ for the purpose of bringing the defendant before it to answer such charge. In the case of People v. Jordan, 65 Cal. 644, 4 Pac. 683, it was said, after referring to the fact that the supreme court of the state has appellate jurisdiction in certain cases, and that under the constitution such court is expressly authorized to issue all writs necessary for the complete exercise of its jurisdiction:

"The power to issue the writs specified, or any other writ, in a case where it may be necessary or proper to resort to it to secure the complete exercise of the appellate jurisdiction of the court, would exist had the constitution been silent on the subject. It may be conceded for our present purposes that, where machinery has been supplied for the employment of its jurisdiction by legislative enactment, such machinery must be adopted or accepted by the court. But when a certain jurisdiction has been conferred on this or any court, it is the duty of the court to exercise it; a duty of which it is not relieved by the failure

of the legislature to provide a mode for its exercise. * * * The power of courts to establish a system of procedure by means of which parties may seek the exercise of their jurisdiction, at least when a system has not been established by legislative authority, is inherent."

And in the case of Riggs v. Johnson Co., 6 Wall. 166, it was held by the supreme court of the United States that a court which has jurisdiction to render a particular judgment has also authority to issue the proper process for its enforcement; the court saying:

"Jurisdiction is defined to be the power to hear and determine the subject-matter in controversy in the suit before the court, and the rule is universal that, if the power is conferred to render the judgment or enter the decree, it also includes the power to issue proper process to enforce such judgment or decree."

It is believed that the doctrine of the two cases just cited in relation to the inherent powers of courts in the exercise of their admitted jurisdiction is undisputed, and the principle is simply recognized and declared in section 716 of the Revised Statutes of the United States, which reads as follows:

"The supreme court and the circuit and district courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdiction, and agreeable to the usages and principles of law."

It was necessary in the pending case that jurisdiction over the defendant should be acquired, and, as congress has made no specific provision as to the manner in which this should be done, the court had the right to resort to any appropriate method for that purpose. The course adopted by the court was to follow the practice prescribed by the Penal Code of this state, and there was served upon its president a summons, giving full information of the offense charged against the defendant corporation, and naming the day for the defendant to appear in court, and answer such charge. This is the usual mode in which notice is given to a corporation of the pendency of any action against it in a court, and it is certainly conformable to natural justice, as it affords to the defendant full opportunity to interpose any defense which it may desire to make. The defendant has thus been properly notified of the offense charged against it, and when and where it is required to appear and make its defense, and this is all that is required to give the court jurisdiction to proceed with the trial of the case. The motion of the defendant will be denied.