UNITED STATES v. STANDARD OIL CO. OF INDIANA.

(District Court, W. D. Tennessee, E. D.   June 20, 1907.)

**1. CRIMINAL LAW—FEDERAL COURTS—JURISDICTION—PROCESS—FOREIGN CORPORATION.**

Under Rev. St. § 716 [U. S. Comp. St. 1901, p. 580], providing that the Supreme, circuit and district courts shall have power to issue writs of scire facias, and all writs not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions agreeable to the usages and principles of law, the federal District Court sitting in Tennessee had power to issue summons for the appearance of an Indiana corporation having neither officer nor place of business within the district of Tennessee, where it was indicted for an offense committed in such district.

**2. CORPORATIONS—CRIMINAL PROSECUTION—PROCESS—RETURN—CONSTRUCTION.**

A marshal's return on a summons indorsed served on the Standard Oil Company by reading to and in the presence of and by delivering a true copy of the writ to G., manager of the Standard Oil Company, he being the highest officer of said company found "in the district, at Indianapolis, Marion county, Feb. 8, 1907," should be construed merely as meaning that the return was executed at Indianapolis, Marion county, etc., and was not therefore objectionable as indicating that the marshal limited his search for the highest officer of the company to the city of Indianapolis, and not to the district.

**3. SAME—AMENDMENT.**

Such return was amendable on the application of the district attorney, as authorized by Rev. St. § 948 [U. S. Comp. St. 1901, p. 695].

**4. SAME—PLEA IN ABATEMENT.**

No inference will be indulged by the court to supply omitted material averments or to cure inaccuracies in a plea in abatement in a criminal case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 645, 655.]

**5. SAME.**

Summons having been served on a corporation by serving G., as its manager and highest officer within the district, defendant pleaded in abatement that G. was not at the issuing of the process, the service of the same, nor since, the highest or chief officer or agent of the defendant in the district of Indiana, but that B. was; he being the superintendent and a higher officer or agent than G. *Held*, that such plea was fatally defective for failure to allege that the office of superintendent was higher than that of manager; that B. was superintendent of defendant, and represented it in the district of Indiana at the time; that he resided in Indiana, and was within the state at the time of the service.

George Randolph, U. S. Dist. Atty., and Casey Todd, Asst. U. S. Dist. Atty., for plaintiff.
C. G. Bond, for defendant.

McCALL, District Judge.   The defendant is charged with knowingly accepting and receiving concessions from the Illinois Central

and the Southern Railway Companies in respect to the transportation of certain property of the defendant over the railroads of said companies, in violation of the interstate commerce law.

There are three questions before the court for consideration, as follows: First. Has this court jurisdiction or authority to issue process or summons, for the defendant, to the district of Indiana? Second. Is the return of the United States marshal, as indorsed upon the writ, a sufficient or proper return? Third. The sufficiency of the plea in abatement of the defendant, putting in issue the question as to whether the summons was executed on the highest agent or officer of the defendant company within the district of Indiana.

The first two questions are raised upon a motion by the defendant to quash the writ and the return indorsed thereon. The third question is made by demurrer, interposed by the government, to the defendant's plea in abatement. Considering them in the order stated, we first come to the question of the power and jurisdiction of this court to issue process to the district of Indiana for the defendant.

It is well here to state the facts in the case. On the 17th day of October, 1906, the grand jury for the Eastern division of the Western district of Tennessee returned into court an indictment against the Standard Oil Company, in which it was charged that the defendant company, in the Eastern division of the Western district of Tennessee, and within the jurisdiction of this court, did knowingly accept and receive from the Illinois Central Railroad and the Southern Railway concessions in respect of the transportation of certain property of the defendant company moved in interstate commerce. It was found the defendant company had no place of business in this state, and had no officer or agent in the district on whom process could be served. A summons was issued by this court, addressed to the marshal for the district of Indiana, commanding him to summon the defendant to appear on the fourth Monday in April, 1907, to answer the United States on the indictment which had been found. The summons came to the hands of the United States marshal for the district of Indiana, who executed the same. To this service the defendant company filed a motion to quash, in which it is claimed that at the time of the finding of the indictment, and at the time of the alleged commission of the offenses set out in the different counts in the indictment, and at the time process was served, the defendant was a foreign corporation incorporated under the laws of the state of Indiana and was a resident of the state of Indiana, and not a resident or citizen of the state of Tennessee, and that it had no agent, nor had it any established agency or place of business in the state of Tennessee, nor within the territorial jurisdiction of this court, and at the time process was served it had no agent or representative in the state of Tennessee upon whom service of process could be executed. The written motion sets up that this court had no power to issue the summons addressed to the United States marshal for the district of Indiana, as stated above.

For the purposes of this decision, it must be admitted that the defendant company committed in this district the offenses charged in the indictment. The question therefore resolves itself into this: The defendant having committed the offenses in this district, and an indict-

ment having been found against it, and there being no officer, agent, or representative of the defendant company in this district on whom process can be served, has this court the power to issue a summons to the district of Indiana, where the defendant corporation was chartered, for the purpose of commanding it to appear in this district to answer the indictment? Or, to put it in another shape, the defendant claims that, though it has committed offenses in this district, yet, since no officer, agent, or representative can be found in this district on whom to serve process, it cannot be brought before the court, and made to answer for the crimes charged in the indictment.

Section 1014 of the Revised Statutes provides the method by which a natural person, who may be indicted in the United States court, may be brought from another district into the district wherein he is indicted for trial. But this statute is not effective here. This defendant is a corporation. It cannot be taken into custody and required to execute bond for its appearance, nor on its refusal or failure to do so be committed to jail. Indeed, it can only appear before the court through its agent or attorney.

In Bishop's New Criminal Procedure, § 950a, par. 3, it is said:

"A corporation is an intangible creature of the law, which cannot be seized and held, or imprisoned, or hung like a human being. Therefore the only method for obtaining the necessary control of it is by notice served on its proper officer and steps to force it to appear by attorney. For without an appearance there can be no sentence; judgment by default being unknown in criminal cases."

Since this defendant cannot be arrested and brought within the territorial jurisdiction of the court, as in the case of a natural person, of necessity it must be brought by summons, if the court obtains jurisdiction of it, unless it shall voluntarily appear. U. S. v. John Kelso Co. (D. C.) 86 Fed. 304; U. S. v. Correspondence School (D. C.) 125 Fed. 94.

Sections 738 and 739 of the Revised Statutes provide a method by which a defendant in a civil suit in a United States court may be brought before the court; but this is a criminal proceeding, and these statutes do not apply. Congress has not enacted any special legislation with reference to the issuance and service of process upon corporations in criminal cases.

Section 716, Rev. St. [U. S. Comp. St. 1901, p. 580], however, provides as follows:

"The Supreme Court, and the Circuit and District Courts shall have power to issue writs of scire facias. They shall also have power to issue all writs not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

This statute was enacted in 1789, and stands now as amended in 1793. The language used here is broad and general. It would seem that it was intended to cover all cases not otherwise specifically provided for by Congress. Wherever Congress has provided a special method in any particular character of cases for the issuance and service of process, that method must be pursued, and it would seem to

be a reasonable conclusion that such special methods would be a limitation on the general power conferred by section 716, Rev. St.

The reason for the limitation of this power as is done in section 1014, Rev. St., is not difficult to understand, but for whatever reason this and similar statutes have been enacted by Congress, wherein are provided specific methods of procedure in any particular class of cases, still section 716, Rev. St., remains the law of the land, and in my judgment is authority for the issuance and service of the process, as has been done in this case.

This court has jurisdiction of criminal offenses against the United States committed within the Eastern Division of the Western District of Tennessee. It has jurisdiction of the particular offense charged against the defendant in the indictment in this case, under and by virtue of section 1 of the act of Congress passed February 19, 1903 (chapter 708, 32 Stat. 847 [U. S. Comp. St. Supp. 1906, p. 599]), commonly known as the "Elkins Act." This act provides that prosecutions may be instituted in any court of the United States having jurisdiction of crimes, within the district in which the alleged violation was committed, or within the district through which the property was transported on which the rebates or concessions were made; and whenever the offense is begun in one jurisdiction, and completed in another, it may be dealt with, inquired of, tried, determined, and punished in either jurisdiction in the same manner as if the offense had been actually and wholly committed therein. It only remains to obtain jurisdiction of the defendant by summons before it can be legally arraigned and tried upon this indictment.

Since Congress has not specifically provided for the issuance of the writ, nor the method of bringing defendants before the court in this character of cases, and since it is necessary that such writ issue to enable this court to exercise its jurisdiction, and since the issuance of such writ is agreeable to the usages and principles of law, I think that the process is this case is authorized by section 716, Rev. St.

It would seem that, if the conclusion reached is not correct, then the Standard Oil Company of Indiana can accept rebates or concessions from every railroad company in each state of the Union except the state of Indiana, of which the defendant is a citizen, and defy the courts beyond that jurisdiction, on the ground that no United States court outside the state of Indiana is authorized to issue process to the district of Indiana, and cause the same to be served upon the defendant, summoning it to appear before such court for trial. In other words, the Standard Oil Company of Indiana would be beyond the jurisdiction of United States courts, except the United States courts for the district of Indiana, and therefore immune from punishment for violating the law for which it is indicted in this case, unless that punishment be imposed by a United States court for the district of Indiana.

While no case has been cited, nor have I found any direct decision of the question here presented, yet the conclusion reached is indirectly and inferentially supported in the following cases:

In Re Christian (C. C.) 82 Fed. 885, Judge Rogers of the Western District of Arkansas said:

"I prefer to rest the question on another section of the statute, which I think is clear. I refer to section 716, Rev. St. Under this statute, I think the judge of the Central District of the Indian Territory has the power to issue a warrant addressed to the marshal of the Western District of Arkansas to arrest Christian, and to send an officer here to take him back to that court, to be dealt with as the law and justice may require."

In that case, Christian was convicted in the Central District of the Indian Territory and sentenced to imprisonment in Detroit, Mich. While the marshal of the Central District of Indian Territory was en 'route with the prisoner to the prison at Detroit, the prisoner sued out a writ of habeas corpus before the Circuit Court of the United States for the Western District of Arkansas, and was discharged because the sentence pronounced against him was void. The prisoner was held by the Circuit Court of Arkansas in custody temporarily. A copy of the indictment on which Christian had been tried, convicted, and sentenced was then sent to the Western District of Arkansas, from the Central District of the Indian Territory, and a warrant was sworn out against defendant for his removal under section 1014 of the Revised Statutes. Thereupon, another writ of habeas corpus was sued out by Christian, upon the ground that section 1014, Rev. St., provides for the removal of prisoners for trial merely, and that, as he has been tried, he could not be removed. Judge Rogers of the Western District of Arkansas, before whom the writ of habeas corpus had been sworn out, held that a removal could not be had under section 1014 of the Revised Statutes, for the reason that the defendant had already been tried, but he further held that under section 716, Rev. St., the judge of the Central District of Indian Territory had the power to issue a warrant addressed to the marshal of the Western District of Arkansas to arrest Christian and take him back to that jurisdiction, to be dealt with according to law, using the language above quoted. The authorities relied upon by Judge Rogers will be found in that opinion, and I deem it unnecessary to quote them here. The Christian Case and the authorities therein cited are important here, in that the courts in those cases, under section 716, Rev. St., issued process beyond their territorial jurisdictions for the arrest of parties in criminal proceedings in cases not specifically provided for by Congress, and which are in some respects analogous to the case at bar.

In the case of U. S. v. John Kelso Co. (D. C.) 86 Fed. 304, information was filed against the defendant corporation charging the violation of the eight-hour law on government works. Summons was issued and served on defendant. A motion was made to quash the summons, on the ground that Congress had provided no mode of obtaining jurisdiction of a corporation in a criminal proceeding, and therefore the summons issued by the court was unauthorized by law, and its service a nullity. The court, in disposing of the motion, said:

"That the court has jurisdiction to try all offenses arising under the act of Congress upon which this information is based is certain, and that a corporation may be guilty of the commission of such an offense we have already seen. No court has jurisdiction to proceed in a criminal trial until it has first obtained jurisdiction over the person of the defendant. In the case of a natural person, this jurisdiction is obtained by arrest, and specific provision is made for such proceeding in section 1014, Rev. St., before referred to; and, in the absence of any statutory provision for obtaining jurisdiction over a

corporation defendant, the court may resort to any appropriate means for that purpose. The court having general jurisdiction to try the defendant for its alleged violation of the law under consideration may, as a necessary incident to such jurisdiction, issue any appropriate writ for the purpose of bringing the defendant before it to answer such charge. * * * It was necessary in the pending case that jurisdiction over the defendant should be acquired, and, as Congress had made no specific provision as to the manner in which this should be done, the court had the right to resort to any appropriate method for that purpose."

After the learned judge had pointed out the method adopted to bring the defendant before the court in that case, which was by summons, giving full information of the offense charged against the defendant corporation, and naming a day for the defendant to appear in court and answer the charge, he said:

"This is the usual mode in which notice is given to a corporation of the pendency of any action against it in a court, and it is certainly conformable to natural justice, as it affords to the defendant full opportunity to interpose any defense which it may desire to make. The defendant has thus been properly notified of the offense charged against it, and when and where it is required to appear and make its defense, and this is all that is required to give the court jurisdiction to proceed with the trial of the case.

The second question presented arises upon the motion to quash the return of the United States marshal as indorsed upon the summons. The return is as follows:

"Received this writ at Indianapolis, Marion county, February 7, 1907, and served the same as follows: Upon the Standard Oil Company, by reading to and in the presence of, and by delivering a true copy of this writ to J. A. Gheen, manager of the Standard Oil Company, he being the highest officer of said company found in the district, at Indianapolis, Marion county, February 8, 1907."

The criticism is that the officer does not state that he served the process on the highest officer of the defendant company in his district, but states that he served it on the "highest officer of said company found in the district, at Indianapolis, Marion county, February 8, 1907." The argument is that the return means and shows that the officer served the paper on the highest officer of the defendant company in the district to be found at Indianapolis, thus limiting his search to the city of Indianapolis. This is neither a fair nor a reasonable construction of the language used. It is true that the return is carelessly worded and punctuated, but the reasonable meaning is that he served the process upon the highest officer of the defendant company found in the district, and the words "at Indianapolis, Marion county, February 8, 1907," were intended to give the place and date of making the return. This meaning would have been entirely clear had the officer inserted a period after the word "district," and begun the date line with a capital. The motion is highly technical, and is disallowed. Leave is granted the district attorney to have the officer amend the return as prayed for, if he desires so to do. Rev. St. § 948.

The third question arises upon the government's demurrer to the defendant's plea in abatement. In other words, is the plea in abatement sufficient in law?

For the purpose of considering the demurrer, the plea must be taken as true. Pleas in abatement are not favored in law, and are construed

with great strictness. The courts will not supply omitted material averments, nor cure defective ones by inference. Any inference indulged in by the court must be against the pleader. It is his duty to set forth in his plea in clear, definite, and positive language the facts relied upon. All the authorities agree that great strictness and accuracy are required in pleas in abatement, and "no latitude in practice is extended to them." Epperson v. State, 5 Lea (Tenn.) 291; Baker v. Compton, 2 Head (Tenn.) 471; State v. Bryant, 10 Yerg. (Tenn.) 527.

The plea in abatement in this case is as follows:

"The defendant pleads that said J. A. Gheen was not at the issuing of such process, the service of the same, nor since, the highest or chief officer or agent of this defendant in the district of Indiana, but that W. M. Burton was, he being the superintendent, and a higher officer or agent than the said Gheen. That said Gheen was not the highest officer or agent of this defendant in said district at the time of the service of said process."

All that is averred here is that Gheen was not the highest officer or agent of this defendant for said district at the time of the service of process. That W. M. Burton was a higher officer or agent than Gheen; he (Burton) being the superintendent. The plea does not state that W. M. Burton was the superintendent of the defendant Standard Oil Company of Indiana and represented that company in the district of Indiana, nor does it state that W. M. Burton's place of residence was in Indiana. In averring that W. M. Burton was a higher officer or agent than Gheen, he being the superintendent, non constat that W. M. Burton was in Indiana at the time of the service of the process, nor that he resided there. The plea does not aver that as a matter of fact Burton was in the district at the time process was served upon Gheen. Nor does it aver that the office of superintendent was a higher office than that of manager.

Under the rules of pleading above stated, I am of the opinion that the plea in abatement is fatally defective.

An order will be entered disallowing the motion to quash the writ and return thereon, and sustaining the demurrer to the plea in abatement.