STATE ex rel., BOTSFORD LUMBER COMPANY, Plaintiff, v. TAYLOR, Judge of Circuit Court, Defendant.

(147 N. W. 72.)

1.  **Corporations—Criminal Prosecution, Modes of Originating— "Person," Summons Against Indicted Corporation.**

    Under Pen. Code, Sec. 15, providing that all persons who commit, in whole or in part, any crime are liable to punishment, Sec. 882, defining "person" as including corporations, Code Crim. Proc., Sec. 183, empowering and requiring the grand jury to inquire into all public offenses and present them, either by presentment, indictment, or accusation in writing, and Sec. 560 et seq., as amended by Ch. 87, Laws 1905, providing for a hearing before a magistrate upon a presentment against a corporation, or the filing of a complaint or information against it, and that if the magistrate return a certificate that there is sufficient cause to believe the corporation guilty, the state's attorney shall file an information, or the grand jury may proceed as in case of a natural person held to answer, **held**, that a criminal proceeding against a corporation may originate by indictment by grand jury, in the first instance, by return of a presentment by grand jury, and a hearing before a magistrate, or by an information filed before a magistrate and a preliminary examination. **Held**, further, that, under said Secs. 560 et seq., as so amended, no process can issue against a corporation upon an indictment, either with or without preliminary examination; nor upon an information filed by the state's attorney; said Secs. 560 and 561 having application only to the preliminary hearing before a magistrate.

2.  **Corporations—Criminal Procedure Against—Process—Summons— Common-law Powers of Court.**

    Under Code. Cr. Proc., Sec. 643, providing that the procedure and practice, in criminal actions, or in matters of a criminal nature not specifically provided for in that Code,

shall accord with the procedure and practice of the common law, though there is no special statutory provision for process against a corporation upon an indictment, either with or without preliminary examination, nor upon an information filed by a state's attorney, **held**, that, as a grant of jurisdiction to a court carries with it, by implication, power to use necessary means to exercise of the power, and in view of said Sec. 643, a summons issued out of the circuit court against a corporation already indicted, was a valid process to require the defendant to answer the indictment, and by service of such process that court acquired jurisdiction of the defendant.

(Opinion filed April 27, 1914.)

Original proceeding by prohibition, by the State, on the relation of the Botsford Lumber Company, a corporation, against Alva E. Taylor, Judge of the Circuit Court of Kingsbury County, in Ninth Judicial Circuit of the State of South Dakota, to enjoin said court from further proceedings against relator, being a defendant under indictment in said court, etc. Writ denied, and proceeding dismissed.

*Brown, Abbott & Somsen,* and *Warren & Warren,* for Plaintiff.

This state, acting through its Legislature, has enacted a complete Code of Criminal Procedure, under which two definite and complete methods have been enacted providing for bringing a corporation into court that has been charged with a criminal offense: First, a summons may be issued against the corporation upon the filing of a preliminary complaint or information, and second, upon a presentment by a grand jury. Secs. 560-567, Revised Code of Criminal Procedure, as amended by Chapter 87, Laws of 1905.

The trial court has assumed to make a way to get jurisdiction of a defendant in a criminal action, when a statute defining the way has been enacted, and when there is no statute warranting the procedure adopted.

The making of a procedure by the court, when the Legislature has made ample provision therefor, is an usurpation of legislative authority. The amendment by Chap. 87, Laws 1905, leaves the law unchanged, except that the statute is made to apply and authorize the issuance of summons upon the filing of the complaint or information. State v. Security Bank of Clark, 2 S. D. 538; 51 N. W. 337.

Under Sec. 643, Code Civ. Proc., the procedure of the prosecution sanctioned by the defendant herein is erroneous.

If the common law as referred to in the statute is said to mean the practice and procedure as it has grown up in more recent years in the courts, then the procedure is likewise erroneous. Sec. 219, Code Cr. Proc.; Sec. 2 Pen. Code; State v. Carlisle (S. D.) .137 N. W. 127, 12 Cyc. 220, 221; People v. Equitable Gas Light Co., 5 N. Y. Supp. 19.

A summons cannot be issued without authority of law. 32 Cyc. 457; 19 Ency. Pl. & Pr. Secs. 613-620, and notes cited; Massilon Engine & Thresher Company v. Hubbard, 11 S. D. 335; 77 N. W. 588; Mars. v. Oro Fino Mining Co., 7 S. D. 605; 65 N. W. 19; Western Meat Company v. Superior Court of Sacramento County et. al., 99 Pac. 976. (1909.)

The court cannot read into our statute the word "indictment," and thereupon justify the issuance of a summons against the corporation. Ex Parte Brown, 21 S. D. 515, 114 N. W. 303.

Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others. Lewis' Sutherland Statutory Construction, Sec. 943. 36 Cyc. 1122, Citing, Ex. Parte Brown, supra.

*D. A. Crawford,* State's Attorney, and *M. Harry O'Brien,* Assistant Attorney General, for Defendant.

These provisions of the statute and constitution clearly confer upon the circuit court the power to empanel grand juries, to inquire into the offense committed by all persons, including corporations, within the county, and vest the court with inherent power to issue the necessary process to bring persons into court. Sec. 643, Code Cr. Proc.; State v. Brandell, 26 S. D. 642, 129 N. W. 342; State v. Wilcox, 21 S. D. 532, 114 N. W. 687; Section 14 of Article 5, Constitution.

The writ of distringas as a means of compelling the appearance of corporations in judicial proceedings is unknown and unused in the United States. 10 Cyc. 1233.

A court having jurisdiction of a crime may, when the crime is committed by a corporation, obtains jurisdiction over it, in the absence of statutory provision, by any appropriate writ, and by service of a summons upon its president, for the purpose of bring-

ing the defendant before it to answer such charge. United States v. John Kelso Co., 86 Fed. 304.

The power of courts to establish a system of procedure by means of which parties may seek the exercise of their jurisdiction, at least when a system has not been established by legislative authority, is inherent.

In the absence of any rules of practice enacted by the legislature, it is competent for the courts to establish an entire code of procedure in civil cases and an entire system of procedure in criminal cases, except that criminal actions of a certain class must be prosecuted by indictments or information. People v. Jordan, 65 Calif. 644, 4 Pac. 683; John Gund Brewing Co. v. U. S., supra; U. S. v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; Collins County Nat'l Bank v. Hughes, 152 Fed. 414; U. S. v. Standard Oil Co., 154 Fed. 728.

The summons has long been recognized in this country as the proper instrument or proper process on which to bring a corporation accused of crime by indictment into court, in the absence of express statutory provisions. Commonwealth v. Lehigh Valley R. Co., 165 Pa. 162, 27 L. R. A. 231. Note under McKennon v. Winn, (Okla.), 22 L. R. A. 501; Kansas City etc. Ry. Co. v. Smith, (Miss.), 27 L. R. A. 762, on page 764; Commonwealth v. New York Central, etc., R. R. Co., 206 Mass. 417, 92 N. E. 767, 19 Am. & Eng. Anno. Cas. 529, and cases cited.

SMITH, P. J. At the December, 1913, term of the circuit court of Kingsbury county, the grand jury returned an indictment against the Botsford Lumber Company, a corporation, charging unfair discrimination in violation of chapter 131, Laws of 1907. Certain proceedings were had to bring the defendant corporation before the court to answer said charge, which the court held to be unauthorized, but which are not material to any question presented at this time. Thereafter, the circuit court directed the issuance of a summons which was duly served on an officer of the corporation, and which required the defendant to appear before the circuit court on the 2d of March, 1914, at 10 o'clock a. m., to answer the indictment. The summons recited the impaneling of the grand jury, the return of the indictment, and a full statement of its contents.

On the return day, the defendant corporation appeared

specially by counsel, and objected to further proceedings, on the ground that the service of a summons did not give the court jurisdiction of the defendant, for the reason that the statutes of this state do not authorize the issuance of a summons upon an indictment. The objection was overruled, and the defendant failing further to appear or plead, a plea of not guilty was entered by direction of the court, pursuant to section 566, Code of Criminal Procedure. On motion of the state's attorney, the cause was set for trial at the regular April, 1914, term of the circuit court. Thereupon, the plaintiff, the Botsford Lumber Co. filed in this court, its verified application for a writ of prohibition, alleging that the circuit court was attempting to act without jurisdiction of the person of plaintiff, and demanding that it be enjoined from further proceedings in said cause.

[1, 2] The record discloses that no preliminary examination was had either upon a presentment by a grand jury, or on an information filed before a magistrate, nor any certificate returned of sufficient cause to believe the corporation guilty of the offense charged, prior to the finding of the indictment. Plaintiff's contention is that the trial court was without jurisdiction or authority to issue a summons or other process requiring the corporation to appear and answer a criminal charge, except upon an indictment after proceedings prescribed by chapter 6 of the Code of Criminal Procedure, as amended by chapter 87 of the Laws of 1905.

This chapter, as amended, provides for a preliminary examination upon a presentment by a grand jury, or on an information filed before a magistrate, a hearing thereon, and a certificate of probable cause, the submission of the matter to a grand jury and the return of an indictment.

Sec. 7 of the Penal Code provides: "This code specifies the classes of persons who are deemed capable of crimes and liable to punishment therefor; and defines the nature of the various crimes; and prescribes the kind and measure of punishment to be inflicted for each; the manner of prosecuting and convicting criminals is regulated by the Code of Criminal Procedure." Sec. 15 provides: "The following persons are liable to punishment under the laws of this state: 1: All persons who commit in whole or in part, any crime within this state." Sec. 822 Penal

Code. "The word 'person' includes corporations as well as natural persons." Section 183 of the Code of Criminal Procedure provides that: "The grand jury has power and it is their duty, to inquire into all public offenses committed or triable in the county or subdivision, and to present them to the court, either by presentment or indictment or accusation in writing." Under these provisions of the Code, this court held in State v. Security Bank of Clark, 2 S. D. 538, 51 N. W. 337; that: "The Code of Criminal Procedure is applicable to all persons natural or artificial, in respect to the manner of commencing criminal actions. Sec. 7211 makes it the duty of the grand jury 'to inquire into all public offenses committed or triable in the county, and to present them to the court, either by presentment or indictment or accusation in writing.' There is no distinction as to their duty to investigate between natural persons and corporations, and whatever evidence will justify either an indictment or presentment against an individual will justify an indictment or a presentment against a corporation." And "The grand jury may indict a corporation in the first instance as they may indict an individual." We adhere to the view announced in that case. U. S. v. Alaska, etc. Ass'n., 1 Alaska, 217; Bishop's New Crim. Proc., § 417; People v. Rochester Ry. & L. Co., 195 N. Y. 102, 88 N. E. 22, 133 Am. St. Rep. 770, 21 L. R. A. (N. S.) 998, notes; People v. Equitable Gaslight Co., 5 N. Y. Supp. 19.

Under the statutes of this state, there are three modes in which a criminal proceeding against a corporation may originate. First. By indictment by a grand jury, in the first instance. Second. Through the return of a presentment by a grand jury, and a hearing before a magistrate. Third. By an information filed before a magistrate, and a preliminary examination. When the proceeding is by presentment or information before a magistrate, a summons may issue, as provided by section 560, Code Crim. Proc., requiring the corporation to appear before the magistrate, at a specified time and place, to answer the charge. When the proceeding is begun in either of the modes last named, the state's attorney may himself, file an information in the circuit court, or he may submit the matter to a grand jury and have an indictment returned. A corporation is incapable of arrest or physical restraint, and cannot be compelled to appear and answer to a criminal charge.

It is, however, a well settled principle of law, that courts may acquire jurisdiction over a corporation by notice or writ constituting due process of law, so far as to pronounce legal judgment against it upon its failure or refusal to appear.   Plaintiff's contention is that no process exists in this state which may issue after the filing of the indictment or information.

A careful examination of chapter 6 of the Code of Crim. Proc. as amended by chapter 87, Laws of 1905, and the Code of Crim. Proc. reveals the fact that the statutes contain no special provision for process against a corporation upon any indictment, either with or without preliminary examination, nor upon an information filed by the state's attorney.   Sections 560 and 561 of the Code of Criminal Procedure as amended, providing for the issuance of summons, have application only to the preliminary hearing before the magistrate.

Plaintiff's contention is, in effect, that while a corporation may be criminally liable under the laws of this state, and an indictment may be returned by a grand jury, or an information may be filed by the state's attorney, yet the accused corporation can never be brought to trial in a circuit court because, in the absence of an express statute authorizing it, the trial court is powerless to issue summons or process, service of which will confer personal jurisdiction of the corporation.   If plaintiff's contention must be sustained, it follows that the courts of this state are powerless to try corporations for any violation of the criminal laws of the state.   It is perfectly clear that corporations may be guilty of crime, under the laws of this state.   It is likewise clear, that the courts are given jurisdiction over such crimes, and that a corporation may be charged therewith, either by indictment or information. The specific question is whether there exists any legal mode by which such corporation may be brought before the court to answer the indictment or information.   Sec. 643 of the Code of Criminal Procedure provides:   "The procedure, practice and pleadings in the circuit courts of this state in criminal actions or in matters of a criminal nature not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleadings of the common law."   In the case of People v. Jordan, 65 Cal. 644, 4 Pac. 683; the court said: "It may be conceded for our present purposes, that where machinery has been supplied for

the employment of its jurisdiction by legislative enactment, such machinery must be adopted or accepted by the court. But when a certain jurisdiction has been conferred on this or any court, it is the duty of the court to exercise it; a duty of which it is not relieved by the failure of the Legislature to provide a mode for its exercise. In the absence of any rules of practice enacted by the legislative authority, it is competent for the courts of this state to establish an entire Code of procedure in civil cases, and an entire system of procedure in criminal cases, except that criminal actions of a certain class must be prosecuted by indictment or information. * * * If *casus omissus* in the procedure established by law and written rules, is called to our attention in advance, we may by rule provide for it; if not, when the case is presented, we must adopt for it an appropriate mode, in itself reasonable, which is to be followed in like cases, until altered by statute or rule. The power of courts to establish a system of procedure by means of which parties may seek the exercise of their jurisdiction, at least when a system has not been established by legislative authority, is inherent. *A fortiori* must this be so in California, where the judicial is a separate department of the government under our written Constitution." The court held that where the right of appeal is given and the Legislature has failed to provide the mode of taking an appeal in a criminal case, the court possesses the inherent power incident to its appellate jurisdiction, to adopt any mode of procedure already recognized as appropriate to bring a cause before the court on appeal.

The summons provided by section 561 of the Code of Criminal Procedure is recognized by our Legislature as an appropriate process to require a corporation to answer a criminal charge, upon a preliminary hearing, before a magistrate. We think a summons such as was issued and served in this case, is equally appropriate and sufficient. Similar process has been many times recognized as sufficient by the courts of other states, and the Federal courts. State v. Pres. Ohio M. R. Co., 23 Ind. 362; State v. Western N. C. R. Co., 89 N. C. 584; State v. Norfolk & S. Ry. Co., 152 N. C. 785, 67 S. E. 42, 26 L. R. A. (N. S.) 710, 21 Ann. Cas. 692; Boston, C. & M. R. R. Co. v. State, 32 N. H. 215; United States v. John Kelso Co., 86 Fed. 304; United States v. Standard Oil Co. (D. C.) 154 Fed. 728; United States v. Union Supply Co., 215 U.

S. 50, 30 Sup. Ct. 15, 54 L. Ed. 87; Commonwealth v. Lehigh Valley R. R. Co., 165 Pa. 162, 30 Atl. 836, 27, L. R. A. 231.

In Commonwealth v. N. Y. & H. R. R. Co., 206 Mass. 417, 19 Ann. Cases, 529, 92 N. E. 766, the court says: "It is a general rule that, where there is power in the court to hear and determine a case, there is also a power to issue proper process to enforce its orders. Riggs v. Johnson County, 6 Wall, 166, 187, 18 L. Ed. 768; Collins County National Bank v. Hughes, 152 Fed. 414, 81 C. C. A. 556. And the power of the court to obtain control over a corporation in either a civil or a criminal case by any appropriate process has been maintained. United States v. Kelso, (D. C.) 86 Fed. 304; United States v. Standard Oil Co., (D. C.) 154 Fed. 728. See further upon this subject United States v. Union Supply Co., 215 U. S. 50, 30 Sup. Ct. 15, 54 L. Ed. 87; Boston, Concord & Montreal R. R. v. State, 32 N. H. 215; Commonwealth v. Lehigh Valley R. R., 165 Pa. 162, 30 Atl. 836, 27 L. R. A. 231; State v. Western North Car. R. R. 89 N. C. 584; People v. Jordan, 65 Cal. 644, 4 Pac. 683. The general principle of these cases is that a grant of jurisdiction carries with it by implication power to use the necessary means to exercise and enforce that jurisdiction. What are the limits of that principle in such cases as the one now before us, it is not necessary here to consider. There is at least no question, either on principle or on authority, that a summons served upon its proper officers is the correct process to bring a corporation into court either upon complaint or indictment."

Plaintiff contends that the Legislature of this state has directed how a corporation shall be brought into court to answer a criminal charge, and that the courts are forbidden to devise or adopt other or different means, under the maxim *"Expressio unius, excusio alterius."* The maxim can have no application in this case, for the reason that the Legislature has wholly failed to provide any method or process by which a corporation may be required to appear before the Circuit Court for trial upon an *indictment* or *information.* The situation is precisely that discussed by the recorder of the Court of General Session of New York County, in People v. Equitable Gaslight Co., 5 N. Y. Supp. 19, where the recorder said: "I have been unable to find any statutory provision compelling the appearance of a corporation after indictment

\* * \*   No provision whatever, is made in the Code of Criminal Procedure for notice to the corporation of the finding of the indictment, and no opportunity is given it of availing itself of the benefit of the motion to set it aside, demur, or to plead specially thereto, which rights are provided for by the Code upon an arraignment. \* * \*   After a careful examination of the provisions of the Code of Criminal Procedure, I am unable to find any provision therein contained, empowering the court to compel the appearance of a corporation." This decision is the only one cited, or which we have been able to find, sustaining plaintiff's contention. We cannot agree with the conclusion reached by the recorder in that case. We think the principle that "a grant of jurisdiction carries with it by implication, power to use the necessary means to exercise and enforce that jurisdiction," is applicable, and that the court may obtain jurisdiction of a corporation in a criminal case by summons or other appropriate process or notice.

Section 643 of our Code of Criminal Procedure, declares that in criminal actions, any matter of procedure not specifically provided for in the Code, shall be in accordance with the procedure of the common law.

The doctrine of common law process against corporations in criminal actions is learnedly and exhaustively discussed in Commonwealth v. Lehigh Valley R. R., 165 Pa. St. 30 Atl. 836, 276 R. A. 231, where it is held that summons is proper process, upon which default may be entered against a corporation in a criminal action.

In State v. W. N. C. Ry. Co., 89 N. C. 584, it was held that "A corporation, having existence only as a legal conception, and incapable of being present in court except as represented by an attorney, would seem from its nature, be subject to the same process in civil and criminal actions." In R. R. v. State, 32 N. H. 215, the same view is expressed. The common law process by *distringas* being held obsolete, or repealed, the provision of the Code of Civil Procedure as to service of summons on corporations, was held applicable in Commonwealth v. N. Y. C. & H. R. R. Co., 206 Mass. 417, 92 N. E. 766, 19 Ann. Cases 529.

We are of the opinion the summons issued by the trial court, was a valid and appropriate process to require the defendant cor-

poration to answer the indictment, and that by service of such process, the court acquired jurisdiction of the defendant. It fallows that the writ must be denied and the proceeding dismissed. It is so ordered.