MITCHELL, United States Marshal, v. DEXTER.

(Circuit Court of Appeals, First Circuit. June 27, 1917.)

No. 1286.

1. COURTS ⬤⟿266—FEDERAL COURTS—ISSUANCE OF PROCESS—TERRITORIAL LIMITATIONS.

A contempt proceeding originated in a petition brought by the complainants in an equity suit, alleging a violation by the defendants of an injunction granted in such suit and asking that defendants be ordered to appear and show cause why they should not be attached and punished for contempt for such violation. Such an order to show cause was issued and served, and answers filed, and thereafter a notice, signed by plaintiff's solicitors, was addressed to those for defendants, stating that the petition and answer in the contempt proceedings pending in "said cause" would be called up for hearing, and that the depositions of certain defendants would be read and one of the defendants examined. An order was entered, reciting the various proceedings, finding that certain of the defendants had violated the injunction, and ordering that an attachment issue for their arrest. All of such orders and papers were entitled and numbered in the equity suit. *Held*, that the proceeding was civil in its nature, and, under Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (Comp. St. 1916, § 1033), providing that, except as otherwise provided, no person shall be arrested in one district for trial in another in any civil action, the District Court for the Eastern District of Wisconsin had no authority to issue its writ to the marshal for the district of Massachusetts for the arrest of certain defendants and their removal to Wisconsin.

2. COURTS ⬤⟿266—FEDERAL COURTS—ISSUANCE OF PROCESS—TERRITORIAL LIMITATIONS.

Judicial Code, § 262 (Comp. St. 1916, § 1239), authorizing the District Courts to issue all writs not specifically provided for by statute which may be necessary for the exercise of their respective jurisdictions and

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

agreeable to the usages and principles of law, did not authorize the Wisconsin court to issue its writ for the arrest of defendants in Massachusetts and their removal to Wisconsin, even though the proceeding was a criminal one, as that section does not authorize the issuance of process to run beyond the limits of the court's territorial jurisdiction, but merely designates the form or character of writs which the court may issue within such territory.

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Habeas corpus by Alvin S. Dexter against John J. Mitchell, United States Marshal. From a decree discharging the petitioner, the respondent appeals. Affirmed.

Sherman L. Whipple and Alexander Lincoln, both of Boston, Mass. (George W. Anderson, U. S. Atty., Daniel A. Shea, Asst. U. S. Atty., and Leo A. Rogers, all of Boston, Mass., on the brief), for appellant.

Robert Cushman, of Boston, Mass. (Odin Roberts, Charles D. Woodberry, and Roberts, Roberts & Cushman, all of Boston, Mass, on the brief), for appellee.

Before BINGHAM, Circuit Judge, and BROWN and MORTON, District Judges.

BINGHAM, Circuit Judge. The questions in this case arise on the petition of Alvin S. Dexter, of Manchester, in the district of Massachusetts, for a writ of habeas corpus. In the court below a writ of habeas corpus was issued and the marshal made his return, in which he set forth that he arrested and took Dexter into custody by virtue of process issued by the District Court of the United States for the Eastern district of Wisconsin, a copy of which he annexed thereto. By the writ it appears that the process was issued from the District Court for the Eastern district of Wisconsin, directed to the marshal for the district of Massachusetts, or his deputy, or either of them, directing them to take Dexter and others mentioned, if found in the Massachusetts district, and have them before the court for the Eastern district of Wisconsin, that they might be dealt with according to law. It recites that Dexter and others named in the writ had been adjudged guilty of contempt of the District Court in Wisconsin, in that they had violated the injunctional order of the court of August 9, 1916, in a case therein pending, entitled "North American Chemical Company and George H. Maxwell, Plaintiffs, v. Alvin S. Dexter, Dexter Manufacturing Company, Fibrehide Filler Company, Braintree Rubber Cement Company, Joseph E. Peckham, A. B. Alden, Henry G. Halloran and Harry Wilson, Defendants"; that the court issued a writ of attachment for the arrest of said persons, directed to the marshal of the Western district of Wisconsin, requiring them to be brought before the court; that the marshal made a return upon the writ that he was unable to find said persons within his district, and that he believed them to reside in or near Boston, in the Massachusetts district, and could there be found.

In the court below it was assumed, for the purposes of the case, that the contempt proceeding, instituted in the District Court of Wis-

consin for the violation of the injunctional order, was criminal; and it was held that section 262 of the Judicial Code (R. S. § 716 [Comp. St. 1916, § 1239]) did not authorize the issuance of a writ in a criminal case for the arrest of a citizen of one judicial district, while within that district, and his removal to the judicial district of another state. An order discharging the petitioner was entered, and this appeal was taken.

In the argument of the case upon this appeal, it was conceded that, if the contempt proceeding was civil in nature, the court did not err in discharging the petitioner. Judicial Code, § 51; R. S. § 739 (Comp. St. 1916, § 1033); Toland v. Sprague, 12 Pet. 300, 328–330, 9 L. Ed. 1093; Ex parte Graham, Fed. Cas. No. 5,657; Picquet v. Swan, Fed. Cas. No. 11,134. But it was contended on behalf of the appellant that the proceeding was criminal in nature, and the District Court for Wisconsin was authorized to issue its writ to the marshal of Massachusetts for the arrest and removal of Dexter to Wisconsin under the authority conferred by section 262 of the Judicial Code (R. S. § 716).

[1] As bearing upon the nature and purpose of the contempt proceeding, evidence was introduced from which it appeared that the original proceeding in which the injunctional order was made was an equity suit numbered 684, brought by the North American Chemical Company and George H. Maxwell against Alvin S. Dexter, Dexter Manufacturing Company, Fibrehide Filler Company, Braintree Rubber Cement Company, Joseph E. Peckham, A. B. Alden, Henry G. Halloran, and Harry Wilson, alleging infringement of certain letters patent; that the contempt proceeding originated in a petition brought by the North American Chemical Company and George H. Maxwell against the defendants named in the equity suit; that the petition was also numbered 684 and filed in said suit; that it contained a recital setting forth the proceedings in the equity suit, to wit, the appearance and answers of the defendants and the injunctional order, and alleged that the defendants, in disregard and defiance of the injunction and in contempt of the authority of the court, had continued to infringe the letters patent. In the concluding paragraph the petitioners prayed that the defendants be ordered to appear before the court and show cause why they "should not be attached and punished for contempt of court" for violating the injunction. Upon the petition being filed an order was issued, also numbered 684 and entitled as of the equity suit, directing the defendants to appear before the court to show cause "why they should not be attached and punished for contempt of court," and that the defendants be served with a copy of the petition and order. The petition and order to show cause having been served, an order was entered on the 14th day of October, 1916, entitled as of the equity suit, directing the defendants to answer or demur to the petition not later than October 18, 1916, and that a hearing be had thereon October 28, 1916. Answers to the petition, entitled as of the equity suit, were filed in said cause on the 18th and 20th of October, 1916; and on October 25, 1916, a notice, entitled as of the equity suit and signed by the "solicitors" for the plaintiffs, was addressed to the "solicitors" for the defendants, notifying them that on October

28th, they should call up for hearing and disposition before the court "the petition and the answer thereto in the contempt proceedings now pending in said cause, and that we shall read in support of said petition the depositions of Joseph E. Peckham, Henry G. Halloran, and Alvin S. Dexter on file in said cause, and shall call and examine as witness, Harry Wilson, one of the defendants in said cause, and shall read in support of said petition the affidavits of Oliver D. Hogue and Frank O. Hatch." Under date of October 28, 1916, an order was entered, entitled as of the equity suit, in which it was recited that the plaintiffs and defendants, by their counsel, appeared before the court under the rule to show cause, and the matter came on to be heard on the petition and answers and the depositions taken in the cause and testimony in open court, and, the matter having been argued and submitted, it was ordered that Harry Wilson be discharged, and that, as to the other defendants, the plaintiffs will prepare findings holding them guilty of contempt of court. December 9, 1916, an order drafted in pursuance of the order of October 29, 1916, entitled as of the equity suit, was filed, which, after reciting the various proceedings had with reference to the petition for contempt, including the hearing, the reading of the depositions, affidavits, etc., and a finding that the defendants had deliberately and willfully violated the injunction of the court, it was ordered that "an attachment issue forthwith for the arrest of the defendants, and that they be brought before the court to do and receive what the court may further order and decree in the premises."

In Gompers v. Buck Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, the question was presented whether the proceeding for contempt in that case was civil or criminal, and, after adverting to the fact that "the alleged contempt did not consist in the defendants refusing to do any affirmative act required, but rather in doing that which had been prohibited," and that all the sentences imposed were for fixed terms in jail for 6, 9, and 12 months, which sentences, under the circumstances, did not afford remunerative relief to the complainant, but were wholly punitive, the court proceeded to consider the nature of the proceeding in which the punishment was imposed for the purpose of determining whether the punishment was one which it could impose; and, having arrived at the conclusion that the proceeding was one in equity for civil contempt where, under the circumstances of the case, there could be no coercive imprisonment, and the only remedial relief possible was a fine payable to the complainant, it held that the punishment imposed was without authority.

The facts in that case, which led the court to the conclusion that the proceeding for contempt was civil, and not criminal, differ in no material respect, save one, from those in this case. All the proceedings, orders, and decrees there, as here, were entitled as in the original equity suit, and the proceeding was prosecuted throughout by the complainants, and not by the law officer of the government. There, as here, the defendants were required to testify against themselves, a thing which they would not have submitted to, and the court would not have required, if it had been understood that the proceeding was

criminal, and not civil; for, as stated in the Gompers Case (221 U. S. at page 444, 31 Sup. Ct. at page 499, 55 L. Ed. 797, 34 L. R. A. [N. S.] 874):

"In proceedings for criminal contempt the defendant is presumed to be innocent, he must be proved to be guilty beyond a reasonable doubt, and cannot be compelled to testify against himself."

To the extent that the petition prays that the defendants "should show cause * * * why they * * * should not be attached and punished for contempt of court" it does not differ from the prayer in the Gompers Case. The petition in the latter case, however, contained, the additional prayer "that petitioner may have such other and further relief as the nature of its case may require," indicating that it was seeking remedial relief. But, inasmuch as a petition for contempt, whether civil or criminal, must contain a prayer that the defendant be attached and punished for the alleged contempt (Gompers v. Buck Stove & Range Co., supra, 221 U. S. at p. 441, 31 Sup. Ct. (492, 55 L. Ed. 797, 34 L. R. A. [N. S.] 874), the most that can be said for the prayer in the present petition is that it is equivocal and without force as evidence bearing upon the character of the proceeding.

There is, however, in this case an additional piece of evidence not present in the Gompers Case, to wit, the notice of October 25, 1916, sent by the solicitors for the plaintiffs to the solicitors for the defendants, notifying them that they should call up for hearing and disposition before the court "the petition and answer thereto in the contempt proceedings now pending in said cause," meaning the original equity cause, which is very persuasive as to what counsel and the parties understood was the nature of the proceeding.

See, also, as bearing on this question, In re Kahn, 204 Fed. 581, 123 C. C. A. 107; Stewart v. United States, 236 Fed. 838, 150 C. C. A. 100.

We are therefore of the opinion that the proceeding for contempt was civil in its nature, and that the District Court of Wisconsin was without authority to issue the writ for the arrest of the petitioner in the district of Massachusetts.

[2] But, if it could be found that the petition for contempt was a criminal proceeding at law, we are still of the opinion that the District Court of Wisconsin was without authority under section 262 of the Judicial Code (R. S. § 716) to issue its writ for the arrest of Dexter in Massachusetts and his removal to the district of Wisconsin.

The Court of Appeals for the District of Columbia, in Palmer v. Thompson, 20 App. D. C. 273, expressly held that, in the absence of an act of Congress conferring the power, the federal court in one district had no authority in a criminal case to issue its writ to the marshal of another federal district, commanding him to arrest a person within his jurisdiction, but outside that of the court issuing the writ, and that such power was not conferred by section 716 of the Revised Statutes. What is said in Re Christian (C. C.) 82 Fed. 885, as to the power of a court under this section of the statute, was disapproved by the Court of Appeals in the Palmer Case, and we do not regard it as authority upon the proposition here in question.

Furthermore, we do not think section 262 of the Code (R. S. § 716; Judiciary Act Sept. 24, 1789, c. 20, § 14, 1 Stat. 73) gives authority to a federal District Court to issue processes to run beyond the limits of the territory in which it is established, but rather that it is a designation of the form or character of writs which such court may issue within the territory where it is established. Hills & Co. v. Hoover, 220 U. S. 329, 336, 337, 31 Sup. Ct. 402, 55 L. Ed. 485, Ann. Cas. 1912C, 562; McClellan v. Carland, 217 U. S. 269, 279, 30 Sup. Ct. 501, 54 L. Ed. 762.

Entertaining these views, we are of the opinion the court below did not err in discharging the petitioner.

The decree of the District Court is affirmed, with costs to the appellee.