## UNITED STATES v. NATIONAL MALLEABLE & STEEL CASTINGS CO. et al.

(District Court, N. D. Ohio, E. D.    July 15, 1924.)

No. 8015

**1. Monopolies ⬤⟼31—Indictment for conspiracy in restraint of interstate commerce held good.**

An indictment for conspiracy in restraint of interstate commerce, in violation of Sherman Anti-Trust Act, § 1 (Comp. St. § 8820), held good.

**2. Criminal law ⬤⟼113, 263—Jurisdiction of prosecution for conspiracy under Anti-Trust Act; bringing in nonresident defendants.**

Where, some of the defendants, charged with criminal conspiracy in restraint of interstate commerce, in violation of Anti-Trust Act, § 1 (Comp. St. § 8820), are corporations of other states, but the conspiracy was in part carried on within a district, and some of the defendants are inhabitants of the district and found there, the court of that district has jurisdiction, and may issue its process to the marshals of other districts, where the nonresident corporations may be found and served, in view of section 5 (Comp. St. § 8827), Judicial Code, § 262 (Comp. St. § 1239), and Clayton Act, §§ 12, 15 (Comp. St. §§ 8835k, 8835n).

Criminal prosecution by the United States against the National Malleable & Steel Castings Company and others. On motions to quash and demurrers to indictment. Overruled.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio.

Squire, Sanders & Dempsey, of Cleveland, Ohio, and Butler, Lamb, Foster & Pope, of Chicago, Ill., for defendants.

WESTENHAVER, District Judge. This is an indictment charging 52 corporate defendants and 49 individual defendants with the criminal offense of a combination or conspiracy in restraint of interstate trade, in violation of section 1, Act of July 2, 1890, commonly known as the Sherman Anti-

Trust Act (Comp. Stat. § 8820). Of the individual defendants, the following have appeared, and have filed motions to quash and demurrers to the indictment, viz.: S. L. Smith, J. C. Haswell, H. B. Parker, G. H. Thompson, E. E. Walker, J. P. Kennedy, H. Luedinghaus, Jr., T. W. Ludlow, J. L. Simmon, E. T. Ward, R. E. Pelt, and C. F. La Harche. Of the corporate defendants, the following have also appeared, and have filed motions to quash and demurrers to the indictment, viz.: National Malleable & Steel Castings Company, the National Malleable Castings Company, the Dayton Malleable Iron Company, the Albion Malleable Iron Company, the Columbus Malleable Iron Company, the Erie Malleable Iron Company, the Kennedy Corporation, the Meeker Foundry Company, Springfield Malleable Iron Company, Warren Tool & Forge Company, and American Malleable Castings Company. Certain other corporate defendants, 30 in all, upon whom subpœnas or summons to appear and answer have been served, have appeared specially and have filed motions to quash service of summons. Four other corporate defendants have not been served, and two other corporate defendants have not been found.

In support of the motion to quash and the demurrers to the indictments, the same objections are urged alike by the individual and corporate defendants. Twenty-six separate grounds or reasons are assigned why the indictments are insufficient. Some are to form and others are to substance. No useful purpose will be served by dealing separately with these several objections. It will be sufficient to state my conclusions and sufficient of my reasons to show the basis on which my conclusions are rested.

[1] In my opinion, after due consideration of all objections urged and an examination of the adjudged cases, the indictment is unexceptionable, both as to form and substance. It states adequately the venue of the crime charged as within the jurisdiction of this court. The crime is adequately alleged to be a continuing conspiracy, in which all of the corporate and individual defendants have been during the past five years and still are engaged, and is not, therefore, barred by the statute of limitations. The criminal participation of the individual defendants, as officers having the active management, direction, and control of the interstate trade and business of the corporate defendants engaged in the illegal combination or conspiracy, is sufficiently averred, within the authorities and within the terms of section 14, Act Oct. 15, 1914, known as the Clayton Act (Comp. Stat. § 8835m). The elements of the crime are not only charged in the language of the statute, but the means whereby the combination or conspiracy is and has been formed and carried on, and the details thereof adequate to identify the specific combination or conspiracy, and to enable the defendants to prepare for trial and to protect them against a new prosecution in the event of acquittal or conviction, are likewise all set forth with particularity and definiteness. If the allegations of the indictment are proved, each and all of the defendants are guilty of a violation of section 1 of the Sherman Act.

These conclusions are amply supported by the adjudged cases. In 3 Zoline's Federal Criminal Law and Procedure, p. 2, is given the indictment which was held good on demurrer in Boyle v. United States (7 C. C. A.) 259 F. 803, 170 C. C. A. 603. At page 41 is given the indictment which was held good against demurrer in United States v. American Naval Stores Co. (C. C.) 186 F. 593, which holding as to the sufficiency of the indictment was affirmed (Nash v. United States [5 C. C. A.] 186 F. 489, 108 C. C. A. 467), and again sustained by the United States Supreme Court in Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232. At page 54 is given the indictment which was held good as against demurrer in Belfi v. United States (3 C. C. A.) 259 F. 822, 170 C. C. A. 622. A comparison of the present indictment with the three indictments thus held good leaves no doubt as to the sufficiency of the indictment in this case. As already said, no useful purpose will be served by reviewing or analyzing the specific objections to the present indictment, nor in restating or rearguing the applicable principles of law, since all the questions now raised are, in my opinion, settled by authority. In addition to the cases above cited, the following are in point: United States v. MacAndrews and Forbes Co. (C. C.) 149 F. 823; United States v. Patterson (D. C.) 201 F. 697; Patterson v. United States (6 C. C. A.) 222 F. 599, 138 C. C. A. 123. The motions to quash and demurrers to the indictment will be overruled. An exception may be noted.

[2] The motions of the corporate defendants to quash the service of process are based primarily on the ground that no power exists in this court to issue process directed to another district to compel the appearance of foreign corporations to an indictment pending herein. In addition thereto, objec-

tion to process actually issued and served is made because it was issued to the marshal of this district, but delivered to and served by marshals in other districts, and as to three defendants, viz. Danville Malleable Iron Company, Ross-Meehan Foundries, and Kalamazoo Malleable Iron Company, for other special reasons going merely to the form of service. Counsel for the United States announced at this hearing that it was his intention to have issued and properly served new summons as to each nonresident corporate defendant, directed to the marshal of the district of which each corporation is an inhabitant or in which it can be found. Hence the only question now to be considered is whether or not such a summons may be properly issued out of this court, directed to the marshal of another district and service there made.

This question is likewise, in my opinion, settled by authority. Upon the allegations of the indictment, the combination or conspiracy has been and is being maintained and carried on in part within this district, and some of the individual and corporate defendants are inhabitants of and have been found within the district. It is fundamental in the law of criminal conspiracy that all the members of a combination or conspiracy may be prosecuted in any district within which the conspiracy is formed or in part carried on, or within which an overt act has been committed in furtherance thereof by any one of the several conspirators. These fundamental principles of the law of criminal conspiracy are equally applicable to a criminal combination or conspiracy under section 1 of the Sherman Act. Upon these fundamental principles, the Northern district of Ohio becomes the proper jurisdiction within which any and all of the conspirators may be indicted and tried. No question is made but that this is true as to each of the individual defendants; but the contention is that the statute law of the United States has provided no way whereby a nonresident corporation, which cannot be arrested and required to give bond for its appearance, may be brought within the jurisdiction of the court to answer for a crime there committed or which may be there prosecuted.

This objection has been made before in similar situations and has been held to be unsound upon reasoning which fully commends itself to me. I need not, therefore, do more than cite the cases. See United States v. Standard Oil Co. (D. C.) 154 F. 728; United States v. Virginia-Carolina

Chemical Co. (C. C.) 163 F. 66; John Gund Brewing Co. v. United States (8 C. C. A.) 204 F. 17, 122 C. C. A. 331; United States v. John Kelso Co. (D. C.) 86 F. 304; In re Christian (C. C.) 82 F. 885. These cases deduce this power from section 716, R. S. (now section 262, Judicial Code; Comp. St. § 1239). See McClellan v. Carland, 217 U. S. 268, 30 S. Ct. 501, 54 L. Ed. 762. Nothing in conflict therewith is perceived in Mitchell v. Dexter (1 C. C. A.) 244 F. 926, 157 C. C. A. 276, or Palmer v. Thompson, 20 App. D. C. 273. The courts in those cases were considering wholly different facts, calling for the application of different legal principles, easily distinguishable.

Nor does section 12, Act Oct. 15, 1914, known as the Clayton Act (Comp. Stat. § 8835k), call for a different conclusion. It is doubtful if this section applies to any suit, action, or proceeding other than civil suits authorized by the Sherman and Clayton Acts. The counterpart of this section is not in the Sherman Act. This section must, however, be construed in connection with section 5 of the Sherman Act (Comp. St. § 8827) and section 15 of the Clayton Act (Comp. St. § 8835n), both of which sections are couched in precisely the same language. It is probable that section 12 was inserted to broaden the forum of original jurisdiction for a civil action under either the Sherman or Clayton Acts. The venue for civil actions provided by section 31, Judicial Code (Comp. St. § 1033), if applicable, would have required original suits to be brought within the district of which the defendant was an inhabitant. Section 12 obviously was intended to authorize such suits to be brought also in any district wherein a corporation may be found or in which it transacts business. The section, however, does not repeal or nullify section 5 of the Sherman Act, because the provisions of section 5 are repeated literally in section 15 of the Clayton Act. It had, however, become the settled construction of section 5 of the Sherman Act that, if a civil suit is properly brought in any district in which the court had jurisdiction of any one of the members of the illegal combination, other members thereof not inhabitants of the district might also be brought in and made defendants by order of the court, if the ends of justice so required. And the process of bringing them in is a summons issued to and served by the marshal in any district in which such parties could be found or served. See United States v. Standard Oil Co. (C. C.) 152 F. 293; Standard Oil

Co. v. United States, 221 U. S. 1, 31 S. Ct. 502, 55 L. Ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734. When, therefore, section 15 of the Clayton Act re-enacted the provisions of section 5 of the Sherman Act, it must be held in so doing to have adopted the construction previously given thereto by the courts.

One or the other of two conclusions must follow. If section 12 of the Clayton Act is applicable to a criminal proceeding, then a court having jurisdiction of the subject-matter and of any corporate defendant found within its district may, under sections 5 of the Sherman Act and 15 of the Clayton Act, issue its process against other corporate defendants, directed to the marshal of any district where it may be found, and have it served by that marshal, thereby compelling the appearance of foreign corporations. Or, if section 12 applies solely to civil suits or proceedings, then the provisions of section 716, R. S. (now section 262, Judicial Code), provide adequate means whereby foreign corporations, not inhabitants or found within the district, may be served with process and required to appear. In my opinion, the last conclusion is the sound one.

No opinion need be expressed as to the sufficiency of the process heretofore issued or as to the service thereof. New process may issue as requested by counsel for the United States. If defendants, after the same is issued and served, see fit to renew the present motion to quash on the ground herein considered, the motion will be overruled without argument, and an exception may be noted.