## UNITED STATES *v.* STEAMSHIP "COAMO," HER ENGINES, ETC., ET AL.

### ON CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 47. Argued October 8, 1924.—Decided March 2, 1925.

Section 10 of the Immigration Act, 1917, makes it the duty of any person, including owners, officers and agents of vessels, bringing in an alien, to prevent his landing at a time or place other than as designated by the immigration officers, and punishes failure to comply by a fine in each case of not less than $200 nor more than $1,000, or by imprisonment, or both, but provides that if in the opinion of the Secretary of Labor it is impracticable or inconvenient to prosecute such person, owner, etc., "a penalty of $1,000 shall be a lien upon the vessel whose owner, master, officer, or agent violates the provisions of this section, and such vessel shall be libeled therefor in the appropriate United States court."

*Held,* that where a vessel is so libeled, the penalty is $1,000, neither more nor less, for each alien landing from it in violation of the section. P. 221.

QUESTION certified by the Circuit Court of Appeals, in a ibel for violation of the Immigration Act. See 292 Fed. 016.

*Mr. Assistant Attorney General Otis,* with whom *Mr. Solicitor General Beck* and *Mr. George Ross Hull,* Special Assistant to the Attorney General, were on the brief, for the United States.

*Mr. Ray Rood Allen,* with whom *Mr. Charles C. Bur-lingham* was on the brief, for the Steamship " Coamo."

MR. JUSTICE HOLMES delivered the opinion of the Court.

The Immigration Act of February 5, 1917, c. 29, § 10; 39 Stat. 874, 881, makes it the duty of every person, includ-ing owners, officers, and agents of vessels or transporta-tion lines, &c., bringing aliens to ports of the United States to prevent the landing of such aliens at any time or place other than as designated by the immigration officers, and failure to comply with the requirements of the section is made a misdemeanor punishable by a fine of not less than $200 or more than $1,000, or by imprisonment or by both. " Or, if in the opinion of the Secretary of Labor it is im-practicable or inconvenient to prosecute the person, owner, master, officer, or agent of any such vessel, a penalty of $1,000 shall be a lien upon the vessel whose owner, master, officer, or agent violates the provisions of this section, and such vessel shall be libeled therefor in the appropriate United States court." The United States libeled the Coamo for a violation of this section by a failure to deliver two aliens at the designated place, Ellis Island, and to prevent their landing elsewhere. The District Court found the violation, but held that $1,000 was simply the upward limit and imposed a penalty of $200 for each alien. The libellant appealed demanding $1,000 for each. The Circuit Court of Appeals certifies the question whether in such a case the trial court is " bound as a matter of law to pass a decree condemning said vessel for a penalty of exactly $1,000, neither more or less, for each alien land-ing from said vessel in violation of said section of said statute."

We are of opinion that the language of the statute is too definite to be escaped by construction. After dealing with the personal liability of owners and agents of vessels and transportation lines, the section passed to another matter,

the liability of vessels. It provides a remedy against them irrespective of any fine that may have been incurred by owners or agents. The liability is not a security for any such fine, it is a new one. The statute does not say that the fine or penalty previously mentioned shall be a lien upon the vessel but that a penalty of $1,000 shall be. It seems to us as plain that this is the sum to be demanded as it is that the right to demand it does not depend upon a conviction of the owner or agent of the ship. See *The Scow 6-S*, 250 U. S. 269, 272. The earlier part of this section and other sections of the Act simply fix limits and leave discretion as to the amount within the limit or limits fixed. In §§ 35, 36, discretion is given to the Secretary of Labor. But here the statute allows only one judgment in case of guilt. We answer the question

*Yes.*