Angus M. MacNEIL
v.
Ralph W. GRAY.
Civ. A. No. 57–981.

United States District Court
D. Massachusetts.

Dec. 27, 1957.

Angus M. MacNeil, Somerville, Mass., pro se.

Anthony Julian, U. S. Atty., Andrew A. Caffrey, Geo. C. Caner, Jr., Asst. U. S. Attys., for defendant.

WYZANSKI, District Judge.

This case is now before the Court on defendant's motion for summary judgment. The issue is whether on the admitted facts there is any basis for plaintiff's complaint that in arresting him defendant committed either the tort of false arrest or the tort of abuse of process.

January 4, 1956, the United States District Court for the District of New Hampshire, acting pursuant to 18 U.S.C. § 401(2) and (3), adjudged that MacNeil (in addition to being in civil contempt) was guilty of criminal contempt. It ordered him to pay a fine of $400 together with costs and to stand committed until the sentence be performed. MacNeil appealed. During the appeal he was free on bail. The Court of Appeals affirmed the judgment finding MacNeil to be in criminal contempt. MacNeil v. United States, 1 Cir., 236 F.2d 149. Shortly thereafter, the appellate mandate reached the District Court. The District Court on December 27, 1956, ordered MacNeil to pay the fine within 48 hours. MacNeil did not comply.

On January 3, 1957, the United States District Court for the District of New Hampshire issued to the marshal for the District of New Hampshire a bench warrant commanding him to "apprehend Angus M. MacNeil and him immediately have before the United States District Court for the District of New Hampshire." Mrs. Anna M. Greaney, the deputy marshal in New Hampshire,

telephoned the present defendant, Ralph W. Gray, the United States Marshal for the District of Massachusetts, told him she was mailing the warrant to him, and asked him to execute it. After the arrival of the warrant on January 4, Marshal Gray executed the warrant by causing one of his deputies to arrest MacNeil in the corridor of the courthouse of the Massachusetts District Court for the District of Somerville at 9:30 a.m. The deputy conveyed MacNeil to Concord, New Hampshire and surrendered him to the New Hampshire marshal at 1:45 p.m. the same day, January 4, 1957.

MacNeil contends that Marshal Gray had no authority to arrest him because (1) Marshal Gray had no valid process, and (2) MacNeil was immune from service while he was in the state courthouse engaged in the lawful pursuit of his profession as a lawyer and also as a witness; and MacNeil further contends that (3) Marshal Gray's deputy should have taken MacNeil, following his arrest, before a United States Commissioner in Boston. None of these contentions is sound.

I

Marshal Gray had a valid precept issued under authority of the United States. This process was issued not, as MacNeil contends, in a civil action but in execution of a criminal judgment. That the judgment was in a criminal matter is plainly shown by the text of both the opinion and the judgment of the Court of Appeals. The mere fact that the adjudication of criminal contempt had been based on MacNeil's failure to obey an order in a civil case did not make the contempt proceedings a civil action, nor make the warrant for MacNeil's arrest a warrant issued in a civil action. The Act of June 25, 1948, c. 646, 62 Stat. 945, 28 U.S.C. § 1693, governing arrests in civil actions is, therefore, irrelevant.

The warrant having been issued in a criminal case, the applicable authority for its service by Marshal Gray is to be found in § 1 [§ 547(b)] of the Act of

June 25, 1948, 62 Stat. 912, 28 U.S.C. § 547(b), which was derived from and is substantially the same as § 1 of the Act of June 15, 1935, 49 Stat. 377. The 1935 Act provided that:

"It shall be the duty of the marshal of each district to * * * execute all lawful precepts issued under the authority of the United States; and he shall have power to command all necessary assistance in the execution of his duty."

The 1948 Act provided that:

"He [the United States Marshal] shall execute all lawful writs, process and orders issued under authority of the United States, and command all necessary assistance to execute his duties."

■■■ On its face, the 1948 statute like the 1935 statute authorizes a marshal to serve every precept issued under the authority of the United States. It is immaterial whether the process is directed to him or not, whether the service is to be made outside his district or not, and whether it originates in the United States District Court where his office is or not. And this literal interpretation is the interpretation which the Congress which enacted the 1935 statute intended in order to overcome the narrow construction which some courts had placed on the earlier statutory law. See House Report No. 283 to accompany H.R. 5456, 74th Congress, 1st Sess. As Judge Prettyman recognized in Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 396, 24 A.L.R.2d 881, Congress meant to remove the earlier limitation in Rev.Stat. § 787 which had authorized the marshal to execute warrants merely "throughout the district" in which he was appointed. Congress also deliberately struck out the clause which had limited a marshal to executing warrants that were "directed to him". Thus it knowingly did away with the restriction imposed in this Circuit by Mitchell v. Dexter, 1 Cir., 244 F. 926, 930, which had ruled that a United States District Court in one district could give no authority to a marshal appointed in another district to execute its precept in a case of criminal contempt.

In short, the 1948 Act gave a double authority to Marshal Gray to cause MacNeil's arrest. First, he was commanded by the New Hampshire Marshal to assist him in executing in Massachusetts the bench warrant directed to him. Second, quite apart from that command, Mr. Gray had independent authority to execute the precept as one issued under the authority of the United States, even though it was not directed to him personally.

## II

■■■ MacNeil's claim that he was immune from service is not buttressed by any appropriate affidavit. But he asserts that at the time he was served by Marshal Gray's deputy he had just completed his attendance as a lawyer and witness in a case in the state district court in Somerville. One answer to MacNeil's claim of immunity from arrest on the bench warrant will be sufficient. A person is not immune from arrest on a criminal process on the ground that he is as a witness, party or lawyer attending a civil case. United States v. Conley, D.C.D.Mass., 80 F.Supp. 700, 703; Schwartz v. Dutro, Mo., 298 S.W. 769; 4 Am.Jur., Arrest, § 101.

## III

■■■ The contention that Marshal Gray should have taken MacNeil before the United States Commissioner in Boston is frivolous. When a person had been adjudicated a criminal and his attendance is required for further proceedings, he may be arrested pursuant to a bench warrant. There is no occasion to bring him before a commissioner, and there is nothing for a commissioner to hear or decide. Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., governing arrest on a complaint and before trial, is patently inapplicable.

Defendant's motion for summary judgment granted.