## UNITED STATES v. FALL.

(Court of Appeals of District of Columbia. Submitted November 3, 1925. Decided December 7, 1925. Motion for Rehearing or Modification of Opinion and Judgment Denied December 19, 1925.)

### No. 4362.

1. **Grand jury ⊗⟹34—Indictment for bribery in connection with government oil leases held not vitiated by presence of assistant to Attorney General in grand jury room when matter was considered.**

Joint Resolutions of February 8, 1924, and February 27, 1924, providing for appointment of special counsel to prosecute suits for cancellation of government oil leases, and certain criminal prosecutions, though effective to deprive Attorney General of control which he would ordinarily have over such litigation, under Rev. St. §§ 359, 362, 363 (Comp. St. §§ 533, 537, 538), and Act June 30, 1906 (Comp. St. § 534), *held* not intended to deprive district attorneys and special assistants to Attorney General of power which they otherwise possessed, under Rev. St. § 771 (Comp. St. § 1296), Code D. C. §§ 183, 932, and Act June 30, 1906, to take part in proceedings before grand jury, and indictment for bribery in connection with execution of such leases was not vitiated by presence of special assistant to Attorney General with grand jury when matter was considered and indictment returned.

2. **Criminal law ⊗⟹280(2)—Absence of particular denial in plea of abatement held to justify inference of fact not denied.**

In prosecution for bribery in connection with execution of government oil leases, failure of plea in abatement on ground that presence of unauthorized person, namely, a special assistant to the Attorney General, with the grand jury, vitiated indictment, to deny that such special assistant was acting under direction of special counsel appointed under Joint Resolutions of February 8, 1924, and February 27, 1924, to conduct such litigation, justified an inference of such fact.

Appeal from Supreme Court of District of Columbia.

Albert B. Fall was charged with receiving a bribe. From the judgment sustaining a plea in abatement and quashing the indictment, the United States appeals. Reversed and remanded for further proceedings.

O. J. Roberts, of Philadelphia, Pa., and Atlee Pomerene, of Cleveland, Ohio, for the United States.

Levi Cooke and G. R. Beneman, both of Washington, D. C., and H. A. Wise, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal by the United States from a judgment of the lower court, sustaining a plea in abatement and quashing an indictment, upon the ground that certain unauthorized persons were present at the proceedings of the grand jury when the charge was considered and the indictment found.

The indictment in question followed after an investigation made by the committee on public lands and surveys of the United States Senate concerning various oil leases and a certain contract affecting the Naval Petroleum Reserves of the United States. These purported to have been executed by the government through certain public officers, among whom was the appellee, Albert B. Fall, then Secretary of the Interior. As a result of the investigation Congress passed the Act of February 8, 1924, containing the following resolution, to wit:

"Resolved further, that the President of the United States, be, and he hereby is, authorized and directed immediately to cause suit to be instituted and prosecuted for the annulment and cancellation of the said leases and contract and all contracts incidental or supplemental thereto, to enjoin the further extracting of oil from the said reserves under said leases or from the territory covered by the same to secure any further appropriate incidental relief, and to prosecute such other actions or proceedings, civil and criminal, as may be warranted by the facts in relation to the making of said leases and contract.

"And the President is further authorized and directed to appoint, by and with the advice and consent of the Senate, special counsel who shall have charge and control of the prosecution of such litigation, anything in the statutes touching the powers of the Attorney General of the Department of Justice to the contrary notwithstanding." Sen. J. Res. 54, Pub. Res. 4, 68th Congress, 43 Stat. 5.

Afterwards, on February 27, 1924, Congress passed an act appropriating funds for the expenses of the contemplated litigation. This enactment concluded as follows:

"Any counsel employed by the President under the authority of this resolution shall be appointed by and with the advice and consent of the Senate, and shall have full power and authority to carry on said proceedings, any law to the contrary notwithstanding." H. J. Res. 160, Pub. Res. 8, 68th Congress, 43 Stat. 16.

Between the dates respectively of these two enactments, Atlee Pomerene and Owen J. Roberts, attorneys at law, were duly appointed by the President, by and with the advice and consent of the Senate, to serve as special counsel for the United States in the prosecution of said litigation. They accepted the appointment, and acted as such special counsel at the times hereinafter referred to.

Subsequently, said Atlee Pomerene and Owen J. Roberts, together with Oliver E. Pagan, an attorney at law, were "specially retained" by the Attorney General of the United States, to serve as special assistants to the Attorney General, under the authority of the Department of Justice, to assist in the trial of the cases growing out of the proceedings above referred to, and were specifically directed to conduct, in the District of Columbia and in any other judicial district where the jurisdiction thereof lies, any kind of legal proceedings, civil or criminal, including grand jury proceedings, which district attorneys were authorized by law to conduct. It was stipulated by the Attorney General that Atlee Pomerene and Owen J. Roberts should receive no compensation under this appointment, other than that which should be paid them as special counsel aforesaid, and that Oliver E. Pagan should receive no compensation, except such as should be paid him as special assistant to the Attorney General in anti-trust matters under an appointment in effect since August 1, 1919.

Thereupon said Atlee Pomerene, Owen J. Roberts, and Oliver E. Pagan, together with Peyton Gordon, United States attorney for the District of Columbia, appeared for the government before a grand jury of the District of Columbia, and took part in its proceedings with reference to said charges. The grand jury then returned the indictment in question, charging Albert B. Fall with receiving a bribe while acting as Secretary of the Interior with reference to said leases and contract.

The defendant filed a plea in abatement, claiming, inter alia, that the presence of Peyton Gordon as district attorney and Oliver E. Pagan as special assistant to the Attorney General with the grand jury, while the charge in question was under consideration, was unauthorized and vitiated the indictment. The defendant contended that, by the force and effect of the following provisions of the Acts of February 8 and 27, 1924, to wit, that the special counsel "shall have charge and control of the prosecution of such litigation, anything in the statutes touching the powers of the Attorney General of the Department of Justice to the contrary notwithstanding," and "shall have full power and authority to carry on said proceedings, any law to the contrary notwithstanding," the prior general statutes relating to the authority of the Attorney General and other law officers of the government to act as counsel for the United States, were pro tanto superseded in respect to litigation of this character, and that there was vested in the special counsel appointed under the acts the sole duty and power to represent the government in all such litigation, including grand jury proceedings, to the exclusion, not only of the Attorney General, but of all other law officers of the government. He claimed accordingly that the participation of the district attorney and the special assistant to the Attorney General in the grand jury proceedings was unauthorized by law, and vitiated the indictment.

The lower court held that Peyton Gordon, as district attorney, was entitled by law to take part in the proceedings of the grand jury, but that the presence of Oliver E. Pagan as special assistant to the Attorney General at the proceedings was unauthorized. Upon that ground the court sustained the plea in abatement, and quashed the indictment. This appeal followed.

[1] It is conceded that the presence of an unauthorized person with the grand jury during the consideration of a charge would invalidate any indictment thereupon found, but in this case it is our opinion that not only the special counsel, but also the district attorney and the special assistant to the Attorney General, if acting under the direction, charge, and control of the special counsel, were authorized to take part in the grand jury proceedings. We need not discuss the right of the special counsel, as such, to take part in the proceedings of the grand jury, since that is conceded by the appellee and furnishes the basis of his contention. Their subsequent appointment as special assistants to the Attorney General for the purpose of these proceedings did not detract from the authority already possessed by them.

It cannot be disputed that the general statutes which were in force at the date of the special acts invested the United States attorney for the various districts, including the District of Columbia, with authority to appear before grand juries and conduct criminal prosecutions within their respective districts, and also to prosecute within their districts all civil actions in which the United States are concerned. Rev. St. § 771 (Comp. St. § 1296); Code D. C. §§ 183, 932. At the same time it was provided that any attorney specially appointed by the Attorney General under any provision of law, when thereunto specifically directed by the Attorney General, was entitled to conduct any kind of legal proceedings, civil or criminal, including grand jury proceedings, which district attorneys were authorized by law to conduct. Act June 30, 1906 (34 Stat. 816 [Comp. St. § 534]). It is clear that under these statutes the district attorney and the special assistant to the Attorney General were fully authorized to take part in the grand jury proceedings now in question, unless denied that right by the special provisions of the Acts of February 8 and 27, 1924.

Those acts authorized the prosecution on behalf of the United States of certain classes of litigation, including both civil and criminal proceedings, and provided for the appointment of special counsel, who should have charge and control of the prosecution thereof, anything in the statutes touching the powers of the Attorney General of the Department of Justice to the contrary notwithstanding, or any law to the contrary notwithstanding. These special provisions must prevail over the prior general statutes, in so far as a repugnancy exists between them. We think, however, that the repugnancy extends no farther than is necessary to deprive the Attorney General and other law officers of the government of the charge and control over this class of litigation, such as might exist under the general statutes, and vest that authority in the special counsel.

Ordinarily the Attorney General would have charge and control for the government over the prosecution of such litigation. Under general statutes he is entitled to conduct in person any case in any court in which the United States are interested, or he may direct the Solicitor General to do so. Rev. St. § 359 (Comp. St. § 533). He is given general superintendence and direction over the district attorneys as to the discharge of their respective duties. Rev. St. § 362 (Comp. St. § 537). He is authorized to employ and retain, in the name of the United States, such attorneys at law as he shall think necessary to assist the district attorneys in the discharge of their duties. Rev. St. § 363 (Comp. St. § 538). He may in person conduct any kind of legal proceedings, civil or criminal, including grand jury proceedings, which district attorneys are authorized by law to conduct. Act June 30, 1906 (34 Stat. 816 [Comp. St. § 534]).

The provisions of the special acts expressly deprive the Attorney General of control over litigation of this character, and vest the same in the special counsel. They contain no express reference, however, to the district attorneys or other authorized law officers of the United States, nor do they by implication make it unlawful for these officers to continue in the performance of their usual statutory duties, subject, however, to the charge and control of the special counsel, instead of the Attorney General, in this class of cases. Such precedure would not amount to an interference by the Attorney General or other officers with the power and control with which the special counsel were invested. If Congress had intended to prohibit and exclude all district attorneys, wherever located, and all other authorized law officers of the government, from appearing or taking any part whatever in either the civil litigation or criminal proceedings contemplated by the acts, even if acting under the charge and control of the special counsel, it is reasonable to believe that apt terms would have been employed to express such intent. The acts do not express that intent, nor do they expressly repeal any prior statute or part thereof. In view of the rule that repeals by implication are not favored, the effect of the special provision should not be enlarged by labored construction. Wood v. United States, 16 Pet. 342, 10 L. Ed. 987; Henderson's Tobacco, 11 Wall. (78 U. S.) 652, 657, 20 L. Ed. 235; Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536; Frost v. Wenie, 157 U. S. 46, 15 S. Ct. 532, 39 L. Ed. 614. Full force and effect is given to the provision when the special counsel are assured of the charge and control over this class of litigation, without interference by the Attorney General or any other authority.

The special acts, moreover, were designed to promote the effective prosecution of the proposed litigation, and it was known to Congress that the assistance of district attorneys within their various districts, and of the other authorized law officers of the

government, might be of great service to the special counsel in discharging the duties imposed upon them.

It is contended that the congressional proceedings and comments, contemporaneous with the enactment of the acts, tend strongly to sustain the construction claimed by the appellee. We do not think, however, that these sources of information are sufficiently certain respecting the present issue to overcome the natural interpretation of the acts. [2] It is not denied by the plea in abatement that the district attorney and the special assistant to the Attorney General appeared before the grand jury in this case under the direction, charge, and control of the special counsel. In the proper construction of the plea, the absence of such a denial justifies an inference of the fact. Hillman v. United States, 192 F. 264, 112 C. C. A. 522; United States v. Silverthorne (D. C.) 265 F. 859. Accordingly we hold that the record fails to disclose the presence of any unauthorized person at the grand jury proceedings.

The judgment of the lower court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.