## UNITED STATES v. McCUNN et al.

District Court, S. D. New York.
Feb. 17, 1930.

See, also, 36 F.(2d) 52.

Charles H. Tuttle, U. S. Atty., and Arthur H. Schwartz, Asst. U. S. Atty., both of New York City.

M. Michael Edelstein, of New York City, for defendant McCunn.

Francis A. McGurk, of New York City, for defendant Spelman.

GODDARD, District Judge.

This matter comes before the court on a motion to resettle an order made by me on January 4, 1930, directing the return to one McCunn of certain liquor belonging to him which had been seized by prohibition agents, and the return to one Spelman of certain books and records belonging to him which had been seized by the government, and precluding the United States Attorney from using any information or evidence obtained as a result of the said seizures which were illegal.

## Facts.

On February 14, 1929, Prohibition Agent O'Brien, in company with three other agents, visited the premises of the International Postal Supply Company at 634 Prospect place, Brooklyn, for the purpose of executing a warrant of arrest and the apprehension of Spelman. While there they searched the premises and in the cellar found a concrete vault used by McCunn. Obtaining the key of this vault from Spelman they opened the vault and found a considerable quantity of liquor owned and stored there by McCunn. After discovering this liquor they looked around for records relating to it and searched Spelman to ascertain if he had any such records upon his person, and upon him found a notebook containing entries relating to McCunn's liquor, which book they took from him. The government concedes that Spelman's arrest was illegal, and that the book may not be used against him as evidence, and also that the search and seizure of McCunn's liquor was illegal, but contends that the notebook found upon Spelman may be used as evidence against McCunn. Spelman's own moving affidavit is not entirely clear as to the sequence and circumstances leading up to the discovery and seizure of the notebook, but any confusion regarding the circumstances and the precise time of the seizure of the notebook referred to in Spelman's affidavit is quite conclusively cleared up by the testimony of Agent O'Brien, who obtained the book; his testimony is as follows:

"By Mr. Watts (Assistant U. S. Attorney):

"Q. I show you a small loose-leaf note book marked Government's Exhibit 7 for identification and ask you if you have ever seen that before? A. Yes sir.

"Q. Under what circumstances? A. At the time I was searching Mr. Spelman I asked Mr. Spelman if he had any records concerning what we found in the cellar and while searching him he said yes that is the record of what you found."

It therefore appears that, after and as a result of the discovery of the liquor, the special agent searched Spelman in an effort to obtain further evidence relating to this liquor. It was the discovery of the liquor which led the special agent to make further search and investigation. The search for the liquor being illegal under the Fourth Amendment to the Constitution, and the use of the evidence thus obtained being forbidden under the Fifth Amendment, it follows that this notebook obtained under the circumstances described may not be used against McCunn. Silverthorne Lumber Co. v. United States, 251 U. S. 385, 40 S. Ct. 182, 64 L. Ed. 319, 24 A. L. R. 1426; United States v. Silverthorne (D. C.) 265 F. 859; United States v. Silverthorne (D. C.) 265 F. 853; Gouled v. United States, 255 U. S. 298, 41 S. Ct. 261, 65 L. Ed. 647; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409.

While it is true that the government is not urging that it may use the liquor itself as evidence against McCunn, the government does contend that it may use as evidence against McCunn Spelman's notebook (which was obtained as a result of the finding of the liquor). It is not only logical but settled by authoritative decisions that, if the search is illegal, the evidence obtained through information gained in that search is also illegal.

Lusco v. United States (C. C. A.) 287 F. 69 is not in point; in that case the government agent entered Ganci's premises on Thirty-Fifth street and illegally seized property belonging to Ganci. One Lusco objected to the use of the property thus seized as evidence against him. Lusco's premises were some two miles distant from Ganci's, and the seizure of Ganci's property was not an incident of the seizure of Lusco's property for none of Lusco's property was seized.

In Agnello v. United States (C. C. A.) 290 F. 671, cited by the United States, it was held merely that, where the government had wrongfully seized property, it could not be used as evidence against Agnello, whose home had been illegally searched, but that could be used against another defendant who had no connection with the premises where the search was made and whose right to security from illegal search and seizure had not been violated.

For the reasons stated above, I must deny the motion made in behalf of the government to modify my order of January 4, 1930.